PERRY YARRINGTON *vs.* CHARLES ROBINSON, JR., & others.

Suffolk. March 9. — April 1, 1886. W. ALLEN & HOLMES, JJ., absent.

A writ by A. against three persons described them as administrators of the estate
of B. The declaration alleged that the defendants, as administrators of the
estate of B., owed the plaintiff a certain sum, according to an account annexed.
The account annexed began, " The estate of B. to A., debtor." At the trial the
evidence tended to show that the plaintiff rendered services beneficial to the
estate, at the request of one of the defendants, after the death of the intestate,
and before the defendants' appointment as administrators. *Held,* that the plain-
tiff was not entitled to a ruling that the words in the writ and declaration desig-
nating the defendants as administrators were surplusage.

FIELD, J. The plaintiff's writ commands the sheriff to at-
tach the goods or estate of the defendants, who are described as
" administrators of the estate of George W. Simmons, late of said
Boston, deceased." The declaration is that the defendants, " as
they are administrators of the estate of George W. Simmons,"
owe the plaintiff according to the account annexed, and the ac-
count annexed is, " The estate of George W. Simmons to Perry
Yarrington, debtor." It is manifest that the suit is against
the defendants in their capacity of administrators, and that, if
the plaintiff obtained judgment, the execution for the debt or
damages would run against the goods and estate of George W.
Simmons, deceased, in their hands as administrators, Pub. Sts.
*c.* 166, § 8, and not against the goods, estate, and bodies of the
defendants.

The court found that the plaintiff rendered services bene-
ficial to said estate after the death of said Simmons, and before
the appointment of the defendants as administrators, and that
these services were rendered at the request of George W. Sim-
mons, Jr., one of the defendants, and it may be that he is per-
sonally liable to the plaintiff for the value of the services. Even
if it could be assumed that the plaintiff might have been per-
mitted to amend his writ and declaration so that the action
should become a suit against the defendants personally, and then
could have obtained judgment against George W. Simmons, Jr.,
either by discontinuing against the other defendants, or under
the Pub. Sts. *c.* 171, § 5, yet the plaintiff did not ask leave to
amend.

The court could not properly rule that the words in the writ and declaration designating the defendants, " as they are administrators of the estate of George W. Simmons deceased," were surplusage, because they characterize the action as one against the estate, and not against the defendants personally. So long as it was an action against the estate in the hands of the defendants as administrators, they were all properly joined. The plaintiff proved no contract with George W. Simmons in his lifetime, and none for the breach of which his estate could be taken in an action by the plaintiff, and therefore did not maintain his action. The personal liability of George W. Simmons, Jr., on his contract with the plaintiff, could not be tried under the declaration as it stood.                    *Exceptions overruled.*

*J. L. Powers,* for the plaintiff.

*J. O. Teele,* for the defendants.