## JEROME F. MANNING *vs.* GEORGE C. OSGOOD.

Middlesex.   January 10, 1890. — February 26, 1890.

Present : DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Attorney at Law — Individual Liability of Administrator — Writ and Declaration — Amendment.*

A writ ordered the attachment of the " goods and estate of G. C. O., administrator estate of J. W. deceased," and summoned him to answer to the plaintiff in an action of contract, and the declaration in its title described the defendant by the same addition, and averred that the defendant owed the plaintiff for services performed " by the plaintiff for the defendant and at his request," according to an account annexed, and for money to which the plaintiff was entitled by the law of the place where the " contract between the plaintiff and defendant was performed." *Held*, that the action could without any amendment be maintained against the defendant in his individual capacity.

At the trial, there was evidence that the plaintiff, an attorney at law, was employed by the defendant's intestate to prosecute a claim before the Court of Commissioners of Alabama Claims, and filed a petition therefor; that the defendant signed an amendment to the petition prepared and filed by the plaintiff, which set forth that " his attorney in this case " was the plaintiff; and that subsequently the plaintiff rendered services as an attorney to the defendant, and an award for a considerable sum was made to him for the estate. *Held*, that the evidence warranted a finding that the defendant was liable to the plaintiff.

CONTRACT.   The writ, which was dated August 5, 1887, commanded the sheriff " to attach the goods and estate of George C. Osgood, administrator estate of Josiah Webber deceased," and to summon him to answer to the plaintiff in an action of contract.   The declaration was entitled " Jerome F. Manning *vs.* George C. Osgood, administrator of the estate of Josiah Webber deceased," and averred that the defendant owed the plaintiff eight hundred dollars " for work, labor, and services performed by the plaintiff for the defendant, and at his request, and for expenses incurred and paid according to the account hereto annexed.   And the plaintiff further says, he is entitled to the said sum of eight hundred dollars by virtue of the laws, practices, and usages of the District of Columbia, where the contract between the plaintiff and defendant was performed."   The account annexed was made up of items for services rendered by the plaintiff, and for expenses incurred by him, in the

prosecution of a claim before the Court of Commissioners of Alabama Claims.

At the trial in the Superior Court, without a jury, before *Mason*, J., there was evidence that the plaintiff, an attorney at law, was employed by one Deshon, acting for himself and Josiah Webber and others, joint owners of certain vessels and cargoes, to prosecute a claim for war premiums paid by them for insurance thereon during the late civil war; that afterwards, on January 2, 1883, the plaintiff filed a petition on behalf of such joint owners, signed by Deshon, in the Court of Commissioners of Alabama Claims, for the recovery of such premiums, and praying for judgment for each of them in separate sums, including a considerable sum in the name of " George C. Osgood, administrator of the estate of Josiah Webber deceased"; that afterwards, in accordance with the requirement of that court that each claimant should file a separate petition therein, an amendment to the original petition was prepared and filed by the plaintiff, and signed by the defendant, on or about May 12, 1883, which amendment set forth, in the concluding paragraph, the defendant's appointment as such administrator, his post-office address, " and that his attorney in this case is Jerome F. Manning"; that subsequently the plaintiff performed services for the defendant in the prosecution of the claim; and that on June 29, 1883, an award was made for substantially the sum asked for in the petition, and paid over to the defendant for the estate.

After the evidence was all in, the plaintiff's counsel stated that the plaintiff contended that the defendant was only liable in his individual capacity, and that the words " administrator " and " administrator of the " estate of Josiah Webber deceased, used in the writ and declaration, were only *descriptio personæ;* and asked the court to rule that the action could without any amendment be maintained against the defendant in his individual capacity. The judge so ruled, and found for the plaintiff; and the defendant alleged exceptions to the above ruling and finding.

*J. E. Abbott,* for the defendant.

*J. F. Manning, pro se.*

W. ALLEN, J. The writ on its face is a writ of summons and attachment against the defendant personally. The order is not

to attach the goods and estate of the intestate in the hands of the defendant as administrator, but to attach the goods and estate of George C. Osgood, administrator.   Unless there is something to control the apparent meaning of the words, this cannot be taken as a writ against the estate of the intestate, which would authorize the taking of it on attachment.   The defendant is described by the addition of administrator, but the writ does not in terms order the attachment of his goods as administrator.   There is nothing in the record which can control the apparent meaning of the writ.   The same addition to the defendant's name is made in the title to the declaration as in the writ.   The declaration is that the defendant owes for services performed " by the plaintiff for the defendant, and at his request, . . . according to the account hereto annexed," and for money to which the plaintiff is entitled by the laws of the place " where the contract between the plaintiff and defendant was performed," setting up a cause of action against the defendant personally.

In *Yarrington* v. *Robinson*, 141 Mass. 450, the writ ordered an attachment of the goods and estate of several defendants, described as administrators, but the declaration was that the defendants as administrators, etc., owed the plaintiff according to the account annexed, and the account was against the estate of the deceased.   The court say, " The court could not properly rule that the words in the writ and declaration designating the defendants, ' as they are administrators . . . deceased,' were surplusage, because they characterize the action as one against the estate, and not against the defendants personally."

In the case at bar, after the evidence was all in tending to show a cause of action against the defendant personally, and not against the estate of the deceased, the plaintiff contended that the words administrator, etc., were only *descriptio personæ*, and the court ruled that the action could without any amendment be maintained against the defendant in his individual capacity. We think that the ruling was right.

The evidence was clearly sufficient to authorize the finding of the court that the defendant was liable.

*Exceptions overruled.*