RUSSELL G. FESSENDEN & another, executors, *vs.* MOSES B. GUNSENHISER, executor.

Norfolk.    November 9, 1931. — January 26, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Amendment.    *Executor and Administrator.    Trustee Process.*

An executor or administrator of the estate of a deceased lessee is not liable personally upon covenants in the lease for the payment of rent, nor otherwise, unless he enters and holds possession of the demised estate.

In an action of contract, begun by trustee process, for damages alleged to be due for breach of covenants in a lease in writing, the defendant was described in the writ as a certain person "as he is the remaining Executor under the will of" a named testator. From the facts in evidence at a trial of the action, it appeared that the lease which was the basis of the action ran to the testator; that after the testator's death the named defendant had occupied the premises for two months, as to rent for which in the sum of about $975 he admitted liability; and that, upon petition by the plaintiff, a decree had been entered in a probate court for retention of funds under G. L. c. 197, §§ 13, 15. There had been no authority given under G. L. c. 230, § 7, to attach property of the estate. There was a verdict for the plaintiff for over $7,500. After the filing of a bill of exceptions by the defendant, the plaintiff moved to amend the writ so that it would direct the sheriff to attach goods and estate of the testator in the possession of the executor, and to amend the declaration so as to set out a liability of the defendant only as executor. The motion was allowed, subject to exceptions by the defendant. *Held,* that

(1) The writ before amendment was not against the estate of the testator and did not bring the estate into court;

(2) The writ still being in trustee process, the allowance of the amendment created a writ which was not legally purchasable, and destroyed its force as against the defendant who was admittedly liable to the plaintiffs for the use and occupation of the demised premises during the time of his occupation of them;

(3) The executor as a party to the cause of action in his official capacity was a distinct person from the defendant, however described, in his private capacity;

(4) In the circumstances disclosed, it was not within the power of the court to allow the amendment; and the exception to its allowance was sustained.

CONTRACT. Writ dated December 12, 1928.

The writ as amended and proceedings in the Superior Court with regard thereto are described in the opinion. The amendment after verdict, therein described, was allowed by *Dillon,* J., before whom the action had been tried. The defendant alleged exceptions.

*H. Bergson,* for the defendant.

*W. C. Rogers,* for the plaintiffs, submitted a brief.

PIERCE, J. This is an action of contract brought by the executors under the will of Emma Frances Williams against "Moses B. Gunsenhiser, remaining Executor under the Will of Abram Gunsenhiser," and the National Shawmut Bank and others as trustees. The writ was subsequently amended so that it described the defendant as "Moses B. Gunsenhiser as he is the remaining Executor under the Will of Abram Gunsenhiser late of Brookline, County of Norfolk." An appearance was duly entered for "Moses B. Gunsenhiser" and for the trustees under the will of Abram Gunsenhiser; the bank answered funds. The amended declaration is in three counts based upon a written lease between the testatrix of the plaintiffs and the testator of the defendant. Among other things the answer of the defendant set up a general denial and payment, and these were the only defences relied upon.

The facts as stated in the several counts of the plaintiffs' declaration are in substance as follows: The indenture above referred to began April 1, 1920, and ran for a term of nine years. After the execution of the lease the defendant's testator entered upon the premises described therein,

and complied with all the terms thereof until his death on August 16, 1924. Thereafter his executors continued in possession of the demised premises and complied with the terms of the lease until December 31, 1927. One of the executors having resigned, the defendant continued in possession of the demised premises until March 30, 1928. On or about March 30, 1928, the defendant executed an assignment of said lease without complying with the terms therein stated, and the testatrix on March 31, 1928, took possession of the premises reserving all her rights under the lease. The settlement of the estate of Abram Gunsenhiser was still pending in the Probate Court for the county of Norfolk, and under the provisions of G. L. c. 197, §§ 13, 15, the testatrix filed a petition in that court for the retention of assets by the executor of the will of said Gunsenhiser. On this petition that Probate Court on May 29, 1928, entered a decree "that said executor retain in his possession, the sum of $10,000 or such amount as he actually has in his hands at the present time as said executor for the purposes set forth in said petition."

During the trial in the Superior Court the defendant admitted his liability for the rent for the months of January and February, 1928, and the parties stipulated "that in the event that the defendant's exceptions are sustained in the Supreme Judicial Court judgment may be entered for the plaintiff in the sum of $975.23, with interest from the date of the writ." The defendant excepted to the admission of certain evidence, to the refusal of the court to make certain rulings and to certain parts of the charge, all of which as stated in one form or another raise the questions (1) Who is the real defendant in the action? (2) What is the extent of the defendant's liability? The jury returned a verdict for the plaintiffs in the sum of $7,502.63.

After the verdict had been received by the court and after the defendant had filed his original bill of exceptions, the plaintiffs moved to amend their writ and declaration so that the first clause of the writ will read as follows: "We Command you to attach the goods or estate that were of Abram Gunsenhiser, deceased, late of Brookline, in the County of

Norfolk, and Commonwealth aforesaid, and which are now in the possession of Moses B. Gunsenhiser as he is the remaining Executor under the will of Abram Gunsenhiser late of Brookline, County of Norfolk, Defendant." The plaintiffs also moved to amend each of the three counts of the declaration by inserting in the first count the words "as executor" after the words "but that the defendant" and before the words "has failed to comply with the terms thereof" and after the words "by reason of the failure of the defendant"; by adding in count two the words "as executor" after the word "defendant" and before the words "on March 30, 1928"; and by inserting in count 3 after the words "the defendant" the words "as he is executor." The defendant objected and excepted to the allowance of the motion on the grounds (1) that during the trial he constantly asserted that under the writ the estate was not before the court; (2) that by going to the jury on the original writ as amended during the trial the plaintiffs had elected to proceed against the defendant personally; (3) that under the admitted facts there was to a certain extent a limited personal obligation of the defendant; and (4) that the writ was brought under the trustee process, and that under the law there cannot be an attachment of either the real or personal property of an estate. The presiding judge granted the motion as a perfecting amendment, and ruled that its effect did not change the parties or go "to the merits of the case."

The exception taken to the allowance of the motion must be sustained. An executor or administrator of the estate of a deceased lessee is not liable personally upon the covenants for the payment of rent, nor otherwise, unless he enters and holds possession of the demised estate. In the event of such entry and actual possession he is liable for the value and real worth of the use of the premises and not for the amount of the rent reserved by the lease. The rent reserved is *prima facie* the measure of the value of premises, but it may be shown by the executor or administrator that during the time for which he is liable they were of less value. *Inches* v. *Dickinson*, 2 Allen, 71. *Deane* v. *Caldwell*, 127 Mass. 242, 248. It is also plain that the liability of the executor or administra-

tor for the use and occupation of the demised premises will not exonerate the estate of the deceased lessee from its liability on the express covenants of the lessee to pay rent. *Dwight* v. *Mudge*, 12 Gray, 23.

G. L. c. 230, § 6, provides that "Writs of attachment and executions against executors or administrators for debts due from the testator or intestate shall run only against the goods and estate of the deceased in their hands, and not against their bodies, goods or estate." The original writ ran against the defendant, "remaining Executor." Such a writ is not one against the estate and does not bring the estate into court. *Manning* v. *Osgood*, 151 Mass. 148. The writ as issued was not one of summons but was one which purported to sequester the property of the defendant in the hands and possession of a trustee which, as has been said, answered funds. The Probate Court of Norfolk, when the executor was appointed, never authorized the attachment of the property of the estate under G. L. c. 230, § 7. The allowance of the amendment created a writ which was not legally purchasable, and destroyed its force as against the defendant who was admittedly liable to the plaintiffs for the use and occupation of the demised premises during the time of his occupation of them. The executor as a party to the cause of action in his official capacity was a distinct person from the defendant, however described in his private capacity.

In the circumstances disclosed it was not within the power of the court to allow the amendment. It follows that the exceptions in this respect must be sustained. No consideration has been given to other alleged errors. In accordance with the stipulation judgment is to be entered for the plaintiffs in the sum of $975.23, with interest from the date of the writ.

*So ordered.*