CLYDA M. COLDWELL *vs.* THE NEW ENGLAND TRUST COMPANY, administrator.

Middlesex.   November 18, 1932. — February 15, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Executor and Administrator.   Practice, Civil,* Writ, Amendment, Motion to dismiss.   *Attachment.*

The return of an officer upon a writ which commanded him "to attach the goods and estate of" a certain banking corporation "as it is administrator of the estate of" a named decedent and to summon "the said defendant Company" to appear in court, showed attachment of a chip "as the property of the within named defendant corporation . . . administrator as within described" and a summons to the corporation to appear in court.   On the return day of the writ there was filed with it a declaration setting out a cause of action against the decedent and not against the corporation.   The corporation moved to dismiss the writ and declaration.   The motion was allowed. The plaintiff appealed.   *Held,* that

(1) It was not necessary for the plaintiff to secure preliminary permission of the Probate Court as required by G. L. (Ter. Ed.) c. 230, § 7, in order to make a chip attachment of property of the decedent;

(2) It would have been proper for the plaintiff, since no attachment of actual property was desired, to have used a simple writ framed to summon the defendant in its capacity as administrator, without an order to attach goods or estate;

(3) It would have been permissible for the plaintiff to move to amend her writ in the circumstances by striking out the order for attachment of property;

(4) It was error to allow the motion to dismiss; following *Yarrington* v. *Robinson,* 141 Mass. 450, and distinguishing *Fessenden* v. *Gunsenhiser,* 278 Mass. 213.

CONTRACT.   Writ dated March 29, 1932.

Proceedings before *Weed,* J., in the Superior Court relating to motions by the defendant to dismiss the writ and declaration and by the plaintiff to amend the writ are described in the opinion.

The plaintiff appealed from the allowance of the motion to dismiss.

*J. F. Miller*, for the plaintiff.

*J. P. Wright & R. G. Wellings*, for the defendant, submitted a brief.

RUGG, C.J.   This is an action of contract.   The writ commanded the officer "to attach the goods and estate of The New England Trust Company . . . as it is Administrator of the estate of Robert Alonzo Miner" and to summon "the said defendant Company" to appear in court. The officer's return on the writ showed attachment of a chip "as the property of the within named defendant corporation . . . administrator as within described" and a summons to the corporation to appear in court.   The New England Trust Company appeared specially and moved that the writ and declaration be dismissed because they showed that the alleged cause of action was based on the liability of the decedent and not of the defendant, to the plaintiff, and that the writ was defective as being in violation of G. L. (Ter. Ed.) c. 230, § 6.   It is plain that the declaration set out a cause of action against the decedent and not against The New England Trust Company personally.   There has been no contention to the contrary.   The plaintiff filed a motion to amend her writ so that it would command the officer "to attach the goods or estate which were of Robert A. Miner . . . deceased, in the hands and custody of The New England Trust Company . . . Administrator of the goods and estate of said Robert A. Miner, and summon the said New England Trust Company as administrator as aforesaid."   The trial judge ruled that the writ did not run against the goods or estate of the deceased, although the cause of action disclosed by the declaration related to a contract with the deceased.   He deemed that this created a situation which could not be cured by amendment on the authority of *Fessenden* v. *Gunsenhiser*, 278 Mass. 213, and accordingly granted the defendant's motion to dismiss and denied the plaintiff's motion to amend.

The plaintiff appealed from the allowance of the motion to dismiss, but not from the denial of her motion to amend. The latter is not before us.   That denial must stand.

In *Fessenden* v. *Gunsenhiser*, 278 Mass. 213, a trustee writ

ran against the defendant "as he is the remaining Executor under the will" of a deceased resident of this Commonwealth and attachment was made of goods, effects and credits of the defendant in the hands of a bank which answered funds in a substantial sum. After verdict in favor of plaintiff, the plaintiff moved to amend so that the writ would command attachment of "the goods or estate that were of" the intestate "and which are now in the possession of" the defendant "as he is the remaining Executor of the will of" the decedent. It was held that the amendment could not rightly be allowed. The ground of the decision was that funds were actually attached on the writ by trustee process and no previous authority to make such attachment had been granted by the Probate Court as required by G. L. (Ter. Ed.) c. 230, § 7. The pertinent provisions of that section are: "The real and personal property of a deceased person shall not be attached on mesne process in an action upon a debt due from, or upon a claim against, the deceased, except upon the permission of the probate court for the county where the executor or administrator of the deceased person was appointed." That provision first was enacted by St. 1907, c. 553, § 1, subsequently to the decision of *Herthel* v. *McKim*, 190 Mass. 522. It is manifest on the facts disclosed in *Fessenden* v. *Gunsenhiser* that such amendment could not rightly have been allowed in view of the prohibition of said § 7. Moreover, the plaintiff had a substantial cause of action against the defendant as an individual and judgment was entered in favor of the plaintiff for the amount due him thereon. The decision rested in part, also, upon G. L. (Ter. Ed.) c. 230, § 6, which provides that "Writs of attachment and executions against executors or administrators for debts due from the testator or intestate shall run only against the goods and estate of the deceased in their hands, and not against their bodies, goods or estate." Actual attachment of property of the defendant had been made in that case. The case at bar is distinguishable from *Fessenden* v. *Gunsenhiser* in that in that case attachment was made of the property of the defendant, while in the present case only a chip attachment was made.

In *Manning* v. *Osgood*, 151 Mass. 148, it was held that a writ ordering the officer to make attachment of "the goods and estate of George C. Osgood, administrator estate of Josiah Webber deceased," and to summon him to answer to the plaintiff, was on its face a writ of summons and attachment against the defendant personally. It was held that the evidence warranted a finding that the defendant was liable in his individual capacity without amendment of the writ, and that on its face it could not rightly be taken to be a writ against the estate of the intestate.

In *Yarrington* v. *Robinson*, 141 Mass. 450, the writ commanded the attachment of the goods or estate of the defendants, who were described as administrators of a deceased person. The declaration set out a claim against the estate. It was held to be manifest from the form of the writ and the declaration that the action was against the defendants in their capacity as administrators and that, if the plaintiff obtained judgment, the execution for the debt or damages would run against the goods and estate of the testator in their hands and not against the goods, estate and bodies of the defendants. See G. L. (Ter. Ed.) c. 230, §§ 8, 9. The plaintiff proved no contract with the testator in his lifetime, and none for which his estate could be taken in an action by the plaintiff. Therefore, the action could not be maintained.

In the case at bar there was no attachment of actual property. A chip attachment is recognized as valid service of a writ of attachment and summons, although it is not an effectual attachment such as would give jurisdiction over an absent defendant. *Peabody* v. *Hamilton*, 106 Mass. 217, 222. It was not necessary for the plaintiff to secure preliminary permission of the Probate Court as required by G. L. (Ter. Ed.) c. 230, § 7, in order to make a chip attachment of property of the decedent. It would have been proper for the plaintiff in the case at bar, since no attachment of actual property was desired, to have used a simple writ framed to summon the defendant in its capacity as administrator, without an order to attach goods or estate. G. L. (Ter. Ed.) c. 223, § 16. Howe's Practice, 54, 55, 61.

Colby's Practice, 64, 65. *Nochemson* v. *Aronson,* 279 Mass. 278, 282. See *Harmon* v. *Sweet,* 221 Mass. 587, 593. It would have been permissible, also, for the plaintiff to move to amend her writ in these circumstances by striking out the order for attachment of property.

We are of opinion that the case at bar falls within the authority of *Yarrington* v. *Robinson,* 141 Mass. 450, and is distinguishable in its facts from *Fessenden* v. *Gunsenhiser,* 278 Mass. 213. There was error in allowing the motion of the defendant to dismiss.

*Order allowing defendant's motion*
*to dismiss reversed.*