Pettingell, J.
Action of contract in which the original writ commanded an attachment of “the goods or Estate of E. Coleman Brown, Jr.”, the defendant, “as he is administrator of the Estate of E. Coleman Brown”. The declaration sets forth that “the plaintiff says that the defendant owes him”. At the trial the plaintiff testified that his action was against E. Coleman Brown, deceased, and not against E. Coleman Brown, Jr. The trial judge thereupon ruled that the plaintiff could not maintain his action against the defendant in his capacity as administrator. The plaintiff then moved to amend so as to make the writ order an attachment of “the goods or estate which were of E. Coleman Brown, deceased * * * in the hands of E. Coleman Brown, Jr. as he is administrator of the said estate.” This *362 amendment was allowed over the objection of the defendant, who reasonably claimed, a report on its allowance.
The action was heard and there was a finding for the plaintiff. . The defendant filed three requests for rulings, which were denied, each being based upon the theory that there could be no recovery against the defendant as administrator unless service was made upon the defendant within one year from the date of his appointment. Two of the requests included also reference to the filing in the Begistry of Probate of a statutory notice in accordance with the Acts of 1933, Ch. 221, §4 We do not pass upon that issue as it is rendered immaterial by our decision on the other issue.
The power to allow amendments is broad and is intended to aid parties bringing suits and to mate possible proper presentations of their causes of action. It was held in Hutchinson v. Tucker, 124 Mass. 240, that in an action against a defendant personally, there was no error in the allowance of an amendment which charged him as ad.ministrator, although the amendment was allowed more than two years after he had. given notice of his appointment and after his final account had been allowed.
Since that decision there have been many cases in which it has been held that the fact that the statute of limitations has run is no bar to the allowance of an amendment bringing in a new party, although a new action against such new party, if then begun, would he barred, by the statute. McLaughlin v. West End Street Ry., 186 Mass. 150, at 151; Regan v. Keyes, 204 Mass. 294 at 305; Genga v. Director General of Railroads, 243 Mass. 101, at 104; Weiss v. Director General of Railroads, 250 Mass. 12, at 16; Phillips v. Director General of Railroads, 251 Mass. 263, at 270; Johnson v. Carroll, 272 Mass. 134, at 138; Ducharme v. Coe Motors Inc., 275 Mass. 69, at 71; Roselle v. Riseman, 280 Mass. 338, at 340; Melamon v. Smith, 282 Mass. 85, at 87.
*363 In several cases the court has stated that the fact that a new action would he barred is an additional reason why the amendment should be allowed, McLaughlin v. West End Street Ry., 186 Mass. 150, at 151; Tracy v. Boston & Northern St. Ry., 204 Mass. 13, at 16; Weiss v. Director General of Railroads, 250 Mass. 12, at 16; Johnson v. Carroll, 272 Mass. 134, at 138; Gallagher v. Wheeler, Mass. Adv. Sh. (1935) 2615, at 2619.
The defendant’s chief contention, however, is that recent statutory enactments relating to actions against administrators and executors have so changed the law that the present short statute of limitations, (G. L. (Ter. Ed.) Ch. 197, §9) is now a limitation upon the right as well as upon the remedy, for which reason, as he contends, Hutchinson v. Tucker, previously cited is no longer an authority.
■ Without passing upon the merits of his contention as to the change in the law regarding the limitation of the right to sue executors and administrators, we are of the opinion that Hutchinson v. Tucker is still good law and that it controls the case now before us.
G. L. (Ter. Ed.) Ch. 231, §51, which permits amendments, is very broad in its scope. It not only authorizes amendments which change the parties or the form of the action, but it allows, also, amendments “in matter of * * * substance”. In other words, it permits amendments which concern the substantive law of the case, if that is necessary to “enable the plaintiff to sustain the action for the cause for which it was intended to be brought. ’ ’ Jordan v. County Commissioners, 268 Mass. 329, at 333.
The defendants main contention has been definitely passed upon by the Supreme Judicial Court in Gallagher v. Wheeler, Mass. Adv. Sh. (1935) 2615, at 2621, where the court says,
*364 “If it be assumed that the provisions of G. L. (Ter. Ed.) Ch. 89, §5, to the effect that the action must be brought within twelve months after the date of the violation of the law of the road, constitute a limitation upon the right as well as upon the remedy, Sterling v. Frederick Leyland & Co. Ltd., 242 Mass. 8, 13, there ■ was no error of law in the allowance of the amendment.”
The quoted case, Gallagher v. Wheeler, cites as authority for the broad power of the court to allow amendments, the case of Hutchinson v. Tucker, which is the pertinent ease on the issue in this case and the case which the defendant contends is no longer law. The quoted case is a complete answer to both phases of the defendant’s contention.
In his oral argument the defendant further contended that the plaintiff could not recover on her declaration because it states a cause of action which is inconsistent with the description of the defendant in the writ as amended. We do not consider this contention because it nowhere appears that it was at any time raised in the District Court, for which reason it cannot now be raised in the Appellate Division for the first time. Holbrook v. Young, 108 Mass. 83, at 87; Draper v. Saxton, 118 Mass. 427 at 431; McSorley v. Risdon, 278 Mass. 415, at 417; Spencer v. Burakiewicz, 288 Mass. 83, at 85; see also DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 324; nor does it appear from the report that it was an issue which the judge intended to report, Weiner v. D. A. Schulte Inc., 275 Mass. 379, at 385; Gilbert v. Beacon Hill Credit Union, 287 Mass. 433, at 440; McKenna v. Andreassi, Mass. Adv. Sh. (1935) 2219, at 2220. Neither is there open to the defendant any contention that the amendment was improperly allowed because it commanded an attachment of the property of the estate without the requisite authority from the Probate Court. It does not appear of record that any attachment was *365 made, as was the case in Fessenden v. Gunsenhiser, 278 Mass. 213, at 217; as far as the record goes the case may he within the rule of Coldwell v. New England Trust Company, 282 Mass. 45, at 47, 48; in any event this issue also does not appear to have been raised in the District Court, nor does it appear to be one which the trial judge intended to report.
We find no error in the allowance of amendment or in the denial of the rulings requested by the defendant. The report is to be dismissed.