MARION C. HENSHAW *vs.* E. COLEMAN BROWN, JR., administrator.

WILLIAM J. HENSHAW *vs.* SAME.

Middlesex.    November 4, 1937. — December 28, 1937.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Amendment. *Executor and Administrator,* Limitation of actions. *Limitations, Statute of.*

The discretionary power of the court was not improperly exercised in the allowance of an amendment changing a writ which had directed attachment of goods and estate of a person named "as he is administrator of the estate of" a decedent, so as to direct attachment of "the goods or estate which were of" the decedent in the hands of the administrator, although the amendment was allowed after the expiration of the period of the short statute of limitations.

An action, entered in court within a year after the qualification as an administrator of the defendant named therein and after due service upon him, was not barred by G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4, when, more than a year after such qualification, the writ was amended so that, instead of charging the administrator personally, it charged the estate of the intestate.

TWO ACTIONS OF CONTRACT. Writs in the Third District Court of Eastern Middlesex dated February 13, 1936.

From orders by the Appellate Division for the Northern District dismissing reports by *Brine,* J., who found for the plaintiffs in the sums of $245.71 and $329, respectively, the defendant appealed.

*W. W. Risk,* for the defendant.

*M. Esterman,* for the plaintiffs.

DOLAN, J. These are two actions of contract which come before us on appeals from the orders of the Appellate

Division for the Northern District dismissing the reports of the trial judge, who found for the plaintiff in each case. The only question for determination is whether the actions are barred under the provisions of G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4. The writ in each action, dated February 13, 1936, commanded an attachment of the goods or estate of "E. Coleman Brown, Jr. as he is administrator of the estate of E. Coleman Brown of Arlington." The writs were returnable on February 29, 1936. The defendant had qualified by giving bond as such administrator on May 10, 1935. The actions came on for trial on May 28, 1936, and the plaintiffs testified that their respective actions were not against E. Coleman Brown, Jr. but were against the estate of the deceased, E. Coleman Brown. The judge ruled in effect that, as the writs were phrased, the actions could not be maintained against the defendant in his capacity as administrator and that the plaintiffs should be allowed to amend the writs. On June 2, 1936, the judge allowed the writs to be amended (*Coldwell v. New England Trust Co.* 282 Mass. 45) so as to charge the defendant as administrator of the estate of his deceased intestate* and an order of personal notice was issued in each case returnable June 20, 1936. Due service was made thereon June 10, 1936. The defendant answered in each case pleading the short statute of limitations, before referred to, and asserting that if due and sufficient service was made on him as administrator, which he did not admit, the same was made more than one year after his "appointment," and that no statutory notice of the pendency of the actions had been filed in the registry of probate within the year. Notices of the claims had been so filed in the registry of probate but did not contain a statement of the court in which the actions were pending as required by the statute above referred to. At the close of the evidence the judge denied requests for rulings then made by the defendant to the effect that the actions were barred by the short statute of limitations.

---

* The writ as amended ordered attachment of "the goods or estate which were of" the intestate "in the hands of E. Coleman Brown, Jr., as he is the administrator of the said estate." — REPORTER.

The pertinent provisions of said § 9, as amended, upon which the defendant relies, are as follows: "an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within one year from the time of his giving bond for the performance of his trust, or to such an action which is commenced but not entered within said year unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate." The main purpose of said section was to provide that if action against an administrator or executor was commenced within the year after he gave bond but the writ was made returnable thereafter, he should not be held to answer to such action unless the writ had been served on him by delivery in hand or he had accepted service thereof within the year, except in cases where notices of the claims had been filed in the registry of probate as provided therein. In *Parker* v. *Rich,* 297 Mass. 111, which contains a full discussion of the purpose and meaning of said section, and which the defendant cites as controlling the cases at bar, it was held that the action there considered was barred because it had not been "commenced" within the settled meaning of that word as applied to actions at law, as the writ had not been delivered to an officer for service and was entered without such service on its return day which was after the expiration of the year from the giving of bond. Nothing in the section works any change in the settled law that an amendment in a pending action may be allowed so as to introduce a party, although at the time of the allowance of the amendment the action, if then instituted for the first time, would be barred by the statute of limitations. In *Hutchinson* v. *Tucker,* 124 Mass. 240, where action had been commenced against a defendant personally within the two years then limited for actions by creditors against executors or administrators, it was held

that no exception lay to the allowance of an amendment after the expiration of that period, so as to permit the defendant to be charged as administrator. The court there cited Gen. Sts. c. 129, §§ 41, 82, the provisions of which now appear in G. L. (Ter. Ed.) c. 231, §§ 51, 138. "That principle has been followed in many decisions." *Gallagher* v. *Wheeler*, 292 Mass. 547, 552. In *Cogswell* v. *Hall*, 185 Mass. 455, 456, it was objected that an amendment allowed by the trial judge "introduced a new cause of action which would otherwise be barred by the statute limiting actions against executors to two years after their appointment" and the court said, "Instead of this being a conclusive reason in favor of its disallowance, it might well be considered a sufficient cause for its being granted, for otherwise the plaintiff might lose a meritorious claim." The present actions were commenced within the year after the defendant gave bond as administrator. The only defect in the proceedings was that the writs were not phrased so as to charge the defendant in his capacity as administrator. The amendments allowed by the court so as to charge the defendant as administrator enabled the plaintiffs to sustain the actions for the causes for which they were intended to be brought. Their allowance was within the discretion of the judge, G. L. (Ter. Ed.) c. 231, § 51, and the actions are not barred by the provisions of G. L. (Ter. Ed.) c. 197, § 9, as amended by St. 1933, c. 221, § 4. The orders of the Appellate Division dismissing the reports are

*Affirmed.*