PHILIP MALTZMAN *vs.* HENRY HERTZ, administrator.

Norfolk.    November 8, 1957. — February 5, 1958.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Executor and Administrator,* Suit by beneficiary to enforce claim for bene-
fit of estate, Claim for decedent's death, Claim for conscious suffering.
*Equity Jurisdiction,* Enforcement of claim for benefit of decedent's
estate. *Equity Pleading and Practice,* Motion to dismiss, Demurrer,
Parties.

A so called motion to dismiss filed by the defendant in a suit in equity
was treated as a demurrer where it did not allege any facts not alleged
in the bill and did not deny any facts alleged therein.    [705]
A demurrer to a bill in equity is a proper method of raising the question
of the court's jurisdiction over the subject matter of the bill.    [705]
The question of the jurisdiction of the court over the subject matter of
the bill remained open in a suit in equity notwithstanding overruling
of a demurrer to the bill grounded on want of such jurisdiction.    [705]
The personal representative of the estate of a decedent is a necessary
party defendant to a suit in equity under G. L. (Ter. Ed.) c. 230, § 5,
as amended by St. 1934, c. 116, by an heir, legatee or creditor to en-
force for the benefit of the estate a claim which the personal repre-
sentative refuses to enforce.    [705–706]
A cause of action for wrongful death under G. L. (Ter. Ed.) c. 229, § 2,
as appearing in St. 1947, c. 506, § 1A, was for the benefit of the persons
designated therein and was not within the scope of G. L. (Ter. Ed.)
c. 230, § 5, as amended by St. 1934, c. 116, providing for suits in
equity to enforce claims "for the benefit of the estate" of the decedent.
[708]
A cause of action for conscious suffering preceding wrongful death is for
the benefit of the decedent's estate and may properly be the subject
of a suit in equity under G. L. (Ter. Ed.) c. 230, § 5, as amended by
St. 1934, c. 116, to enforce it after the personal representative has
refused to do so.    [708]

BILL IN EQUITY, filed in the Superior Court with a writ of
summons and attachment dated November 15, 1950.

The plaintiff appealed from a final decree dismissing the
bill entered pursuant to an order for decree by *Kirk,* J.

*Esther M. Stevens,* for the plaintiff.
*Melville F. Weston,* for the defendant.

WILKINS, C.J.    The bill of complaint is purportedly brought pursuant to G. L. (Ter. Ed.) c. 230, § 5, as amended by St. 1934, c. 116, by a son and heir of Bessie Maltzman, late of Chelsea.    There are allegations that one Gross, the executrix under her will, appointed by the Probate Court for Suffolk County, has refused to bring this suit, although so requested by the plaintiff; that the defendant's intestate was a physician in Boston; that on or about November 30, 1948, while the plaintiff's mother was a patient at a hospital in Boston and "under the care and control of said defendant [*sic*], he wilfully, wantonly, in a grossly negligent manner, and in disregard and violation of his duty, failed to apply the proper care, skill and attention in her case, that as a result of the carelessness, recklessness, unskilfulness, and wilful and wanton misconduct of the defendant [*sic*], and his negligence, the plaintiff's mother . . . was caused great pain, suffering and anguish of both body and mind, and put to great expense, for all of which the plaintiff now claims damages"; and that the plaintiff's mother "was caused to die," and "this action is being brought for the use and benefit of the children."

Upon the defendant's motion "for dismissal for lack of jurisdiction," an order was entered for a final decree dismissing the bill, because "the bill of complaint states no case cognizable according to the principles of equity, or known to the common law, or conformable to the statutes of the Commonwealth."    From a final decree dismissing the bill, the plaintiff appealed.

The motion to dismiss denies no facts alleged in the bill and alleges no new facts.    Accordingly, it will be treated as a demurrer, which is a proper method in equity of raising a question of jurisdiction over the subject matter alleged. *Luscomb* v. *Bowker*, 334 Mass. 468, 472–473.    The question of jurisdiction is open even though a judge of the Superior Court had earlier overruled the defendant's demurrer based on similar grounds.    *Jones* v. *Jones*, 297 Mass. 198, 202.

The case could have been decided on the ground that the

executrix was not made a party. General Laws (Ter. Ed.) c. 230, § 5, as amended by St. 1934, c. 116, provides that when an executor refuses to bring "an action or suit to enforce a claim in favor of the estate . . . an heir, legatee or creditor having an interest in the enforcement of any such claim may bring a suit in equity to enforce it for the benefit of the estate in like circumstances and in like manner as a person beneficially interested in a trust fund may bring a suit to enforce a claim in favor of such fund . . . ." When the beneficiary of a trust fund brings a suit against a third person who commits a tort with reference to the trust property for which the trustee improperly refuses to sue, the trustee must be made a party defendant if he is subject to the jurisdiction of the court. *Jones* v. *Jones*, 297 Mass. 198, 204. *Cherry* v. *Howell*, 66 Fed. (2d) 713, 716 (C. C. A. 2). *Western Railroad* v. *Nolan*, 48 N. Y. 513, 518. Scott on Trusts (2d. ed.) §§ 282.1, 282.2. See Restatement: Trusts, § 282, comment on subsection (2), comment on subsection (3).

The order for a final decree, however, was rested upon broader grounds. We interpret the bill of complaint as alleging that the plaintiff's mother died on or about November 30, 1948. On this date and until January 1, 1950,[1] the applicable act relative to actions for death and injuries resulting in death was G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A, which, so far as material, provided: "If . . . by reason of his . . . negligence, or wilful, wanton or reckless act, . . . any person . . . causes the death of a person in the exercise of due care . . . he . . . shall be liable in damages, in an amount not less than two thousand nor more than fifteen thousand dollars, to be assessed with reference to the pecuniary loss sustained by the parties entitled to benefit hereunder and recovered by the executor or administrator of the deceased person in an action of tort, commenced within two years after the injury causing the death . . . and distributed one half to the surviving wife or husband and one half to the children of the

---

[1] See now G. L. (Ter. Ed.) c. 229, § 2C, inserted by St 1949, c. 427, § 3, as amended by St. 1951, c. 250.

deceased dependent upon him for support at the time of his death, or, if there are no such dependent children, to the surviving wife or husband, or, if there is no surviving wife or husband, to the next of kin."

Under our death statutes, money received as damages for the death is held in trust by the personal representative for the statutory beneficiaries. In *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376, 377, an opinion by Chief Justice Knowlton, it was said with reference to R. L. c. 171, § 2, a predecessor of G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1947, c. 506, § 1A: "The first count is founded upon an alleged statutory liability for causing the death of the plaintiff's intestate, which the plaintiff seeks to enforce as the representative of the next of kin, for whom he would hold the proceeds. The second count is upon the liability at common law, for injuries to the intestate, for which he had a right of action during his life, and the claim is made by the plaintiff as legal representative of the estate of the deceased, for which he would hold the proceeds. In the first the plaintiff acts only as trustee for the next of kin, in the second only as trustee for those interested in the estate." In *Putnam* v. *Savage*, 244 Mass. 83, 87, Chief Justice Rugg had occasion to refer to *Johnston* v. *Bay State Street Railway*, 222 Mass. 583, which concerned the right to damages afforded by St. 1907, c. 392, § 1, which became G. L. c. 229, § 3, in case of death negligently caused by a street railway to one not in its employ, saying, "The plaintiff in that action of necessity was the administrator of the deceased. No one else under the statute could bring the action. He would hold whatever finally might be recovered in a trust capacity for the sole benefit of the beneficiary named in the statute." In *Koutoudakis* v. *Great American Indemnity Co.* 285 Mass. 466, which concerned the proceeds of a settlement of a claim under G. L. c. 229, §§ 4, 9, it was said, at page 468, that money received as damages for an employee's death "would not be general assets of the estate; the administrator would hold it in trust for the statutory beneficiaries." *Friedman* v. *McHugh*, 168 Fed. (2d) 350, 352 (C. C. A. 1). "If by

statute a right of action not possessed by a decedent is conferred upon his executor and the sum recovered by enforcing such right of action does not become a part of the assets of the decedent's estate, the executor holds such right of action as trustee and not as executor." Restatement: Trusts, § 6, comment h; see § 17, comment h. Scott on Trusts (2d ed.) §§ 6.5, 17.5.

In the case before us the cause of action for wrongful death is not "for the benefit of the estate," and is not within the scope of G. L. (Ter. Ed.) c. 230, § 5, as amended. The order for a final decree was correct in so far as it embraced this cause of action.

The cause of action for conscious suffering, on the other hand, is equally clearly created by statute in trust for the benefit of the estate. *Brennan* v. *Standard Oil Co. of New York*, 187 Mass. 376, 377. It was error to rule, as was in effect done in the order for a final decree, that this was not a valid cause of action. In the light of the authorities herein cited, we do not agree that this claim is not capable of being the res of a trust. We are not dealing with the attempted creation by an individual of a trust of a cause of action for personal injuries. See Restatement: Trusts, § 79, comment d. What we have before us is analogous to an unassignable claim accruing in trust for damage by a third person to the trust property. Restatement: Trusts, §§ 81, 280. Scott on Trusts (2d ed.) §§ 81, 280.1.

The order for a final decree, treated as an interlocutory decree sustaining a demurrer, is reversed. The final decree is reversed. The plaintiff, if so advised, may, within thirty days after rescript, file a motion in the Superior Court for leave to amend his writ and bill of complaint by adding the executrix of Bessie Maltzman as a party defendant. *Hutchinson* v. *Tucker*, 124 Mass. 240. *Cogswell* v. *Hall*, 185 Mass. 455, 456. *Gallagher* v. *Wheeler*, 292 Mass. 547, 552. *Henshaw* v. *Brown*, 299 Mass. 136, 139. *Peterson* v. *Cadogan*, 313 Mass. 133, 134. If a judge of the Superior Court should be of opinion that such a motion should be allowed more than seven years after the date of the writ, further proceed-

ings in the Superior Court are to be in conformity with this opinion. Should the plaintiff not file a motion, or should his motion, if filed, be denied, an interlocutory decree is to be entered ordering that the bill be dismissed, and a final decree is to be entered dismissing the bill.

*So ordered.*