PHILIP MALTZMAN *vs.* HENRY HERTZ, administrator.

Norfolk. March 10, 1960. — March 31, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Equity Pleading and Practice*, Reconsideration of decision, Amendment, Parties, Proceedings after rescript.

Upon a rescript from this court in a suit in equity reversing a final decree dismissing the bill, with leave to the plaintiff to move in the trial court to amend to add a necessary party defendant and an order for further proceedings there if such a motion were allowed or for dismissal of the bill if such a motion were denied or were not filed, it was within the dis-

cretion of the trial court, after allowing such a motion ex parte and ordering service of process on the additional party, to vacate the allowance of the motion and to deny it, and thereupon it was proper to enter a final decree dismissing the bill. [628]

Where a motion by the plaintiff in a suit in equity to amend to add a party defendant was allowed and process was served on the additional party, but afterwards the allowance of the motion was vacated and ultimately the motion was denied, the additional party ceased to be a party by reason of such vacation and a special appearance filed by him subsequent to the vacation was a nullity. [628]

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated November 15, 1950.

Following the decision of this court reported in 336 Mass. 704, a motion to amend was allowed, and its allowance was subsequently vacated, by *Nagle*, J.

*Esther M. Stevens*, for the plaintiff.

*Melville F. Weston*, for the defendant.

WILKINS, C.J. When this case was here before, a final decree dismissing the bill of complaint was reversed. *Maltzman* v. *Hertz*, 336 Mass. 704. At pages 708–709, we said, "The plaintiff, if so advised, may, within thirty days after rescript, file a motion in the Superior Court for leave to amend his writ and bill of complaint by adding the executrix of Bessie Maltzman as a party defendant. . . . If a judge of the Superior Court should be of opinion that such a motion should be allowed more than seven years after the date of the writ, further proceedings in the Superior Court are to be in conformity with this opinion. Should the plaintiff not file a motion, or should his motion, if filed, be denied, an interlocutory decree is to be entered ordering that the bill be dismissed, and a final decree is to be entered dismissing the bill."

The rescript was received in the Superior Court on February 6, 1958. On March 4, the plaintiff's motion to amend the writ and the bill of complaint by joining June Gross, the executrix of the estate of Bessie Maltzman, as a party defendant was filed and allowed ex parte. The judge ordered service to be made upon the executrix, and on March 13 service of the order of notice was made, returnable April 7.

In the meantime on March 10 the defendant Hertz filed a motion to vacate the order of March 4. This was allowed on March 27. On April 1 the plaintiff filed a claim of exception. On April 9 June Gross, executrix, filed a special appearance. On April 29 the motion to amend was denied as a matter of discretion. On April 21 the plaintiff filed an appeal and a bill of exceptions with respect to the order of March 27. On July 31, 1958, a final decree was entered dismissing the bill, and the plaintiff seasonably appealed.

Whether notice to the defendant Hertz of the motion to amend was required (see *Johnson* v. *Carroll*, 272 Mass. 134, 137), it was within the discretion of the judge before final decree to reverse his order. He could be of opinion that the proper administration of justice required a notice to the defendant Hertz, or he might upon mature reflection reconsider his decision on the same facts. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Conway* v. *Kenney*, 273 Mass. 19, 23. *Sheriff* v. *Gillow*, 320 Mass. 46, 48–49. *Davis Bros. Fisheries Co. Inc.* v. *Pimentel*, 322 Mass. 499, 511. *Sandler* v. *Elliott*, 335 Mass. 576, 588.

The two cases relied upon by the plaintiff are without relevance. In *Edgecomb* v. *Edmonston*, 258 Mass. 568, there remained only the duty to enter a decree in accordance with the rescript. In *Bourbeau* v. *Whittaker*, 265 Mass. 396, "the limits of the rescript were overstepped by the Superior Court" (page 401).

The order of March 27 revoking the order of March 4 joining June Gross, executrix, as a party preceded the entry of her special appearance. She had ceased to be a party, and her appearance was a nullity. The plaintiff's argument that she had made a voluntary appearance is frivolous.

*Decree affirmed with costs of appeal.*