JAMES H. WATERMAN & another *vs.* CITY COUNCIL OF GLOUCESTER.

Essex.    December 4, 1958. — January 8, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Error*, Whether error harmful.  *Eminent Domain*, Validity of taking. *Certiorari.  Waiver.  Practice, Civil*, Waiver; Exceptions: waiver.

A petitioner for a writ of certiorari to quash action by a city council, by consenting to a determination of the merits of the case after less than the whole membership of the council had filed a joint return and he had filed a motion to strike out the return for that reason, waived any deficiency in the return and waived an exception saved by him to denial of the motion.  [285]

Where the record in a certiorari proceeding by a landowner to quash a taking of his land by a city council for a public playground on the alleged ground that the taking was invalid for want of a prior appropriation showed that in fact an appropriation had been voted prior to the taking and did not show any error of law by the city council in making the taking, the petitioner was not harmed by the trial judge's sustaining of a demurrer to the petition even assuming that he sustained it erroneously.  [286]

PETITION for a writ of certiorari filed in the Superior Court on December 19, 1957.

A demurrer to the petition was sustained by *Forte,* J.

*Richard J. McLaughlin,* for the petitioners.

*Melvin I. Bernstein, (James H. Bagshaw,* City Solicitor, with him,) for the respondent.

RONAN, J.  This is a petition for a writ of certiorari to quash the taking of land for a public playground on November 7, 1957, by the city council of Gloucester, a single legislative body of nine members created by G. L. c. 43, §§ 93–116, Plan E form of municipal charter.  Six of the respondents filed a joint return.  The respondents also filed a demurrer.  The petitioners filed a motion to strike out the return as not signed by the full membership which was denied, and the petitioners saved an exception.  After hearing the demurrer, the judge said: "With the consent of all the parties concerned I deferred my decision on the demurrer until after hearing evidence on the facts."  The petitioners had contended that the taking was illegal because an appropriation had not been made prior to the taking.  The judge found that an appropriation had been made prior to the vote taking the property and stated that he had made this finding to avoid a new trial in case he was wrong in sustaining the demurrer.  In so far as appears from the record the sole contention made by the petitioners is that the taking was invalid because an appropriation was not made prior to the taking.  The petitioners appealed from the order sustaining the demurrer.

The merits of this case were considered with the consent of all parties and the petitioners must be held to have waived any deficiency in the return because it was only signed by less than the whole membership of the city council, *Byfield* v. *Newton,* 247 Mass. 46, 53, *City Council of Salem* v. *Eastern Mass. St. Ry.* 254 Mass. 42, 44; and the same applies to their exception taken to the denial of their motion to strike out the return of the respondents.  They could hardly consent to proceeding to a hearing on the merits and in the event of an adverse finding claim an exception to a failure to grant the motion.  *Klefbeck* v. *Dous,* 302 Mass. 383, 387.  *Sanborn* v. *Brunette,* 315 Mass. 231, 237.  Even if we assume

that a petition for a writ of certiorari would lie to quash
the taking of land by a city council for the laying out of a
public playground — notwithstanding the ruling of the judge
that certiorari was not a proper remedy — the petitioners
were not harmed, as the record did not show any error of
law by the city council in making the taking.  The record,
which is conclusive as to the order of the steps taken by the
city council in making the taking, *Worcester & Nashua R.R.*
v. *Railroad Commrs.* 118 Mass. 561, 564, *Janvrin* v. *Poole,*
181 Mass. 463, *Chelsea* v. *Treasurer & Receiver Gen.* 237
Mass. 422, 433, *Byfield* v. *Newton,* 247 Mass. 46, 53, *Marcus*
v. *Board of St. Commrs.* 252 Mass. 331, 333, indicates that
the appropriation was in fact voted prior to the taking.
The dismissal of the petition was right even if it purported
to be based on the wrong ground.  *North Shore Corp.* v.
*Selectmen of Topsfield,* 322 Mass. 413.  *Anderson* v. *DeVries,*
326 Mass. 127.  *Chem-Lac Prod. Inc.* v. *Gerome,* 327 Mass.
394.  *Weintraub* v. *L & F Realty Co. Inc.* 331 Mass. 711.

*Exceptions overruled.*
*Order sustaining demurrer affirmed.*