MARGARET E. DUNCAN *vs.* MARY E. TAAFFE, administratrix.

Suffolk. April 6, 1959. — July 2, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Moot Question.*

Where an action against a city and a second defendant for personal injuries sustained by reason of a defective sidewalk was pending before this court, following verdicts for the plaintiff against both defendants, solely upon an exception by the second defendant to the denial of a motion for a directed verdict, a full satisfaction by the city of a judgment and execution against it rendered the issue between the plaintiff and the second defendant moot and required dismissal of the action without prejudice to any rights of the city against the second defendant.

TORT. Writ in the Superior Court dated August 10, 1953. The action was tried before *Swift,* J.

*Philander S. Ratzkoff,* for the defendant.

*Herbert L. Barrett & John J. Mackin,* for the plaintiff, submitted a brief.

COUNIHAN, J. This is an action of tort originally brought against the city of Boston. Later by amendment Mary E. Taaffe, administratrix of the estate of Edward X. Taaffe, was joined as a defendant. In the action the plaintiff sought to recover damages for personal injuries sustained by her because of the negligence of each defendant in the maintenance of an unsafe and defective condition of a sidewalk in front of the premises numbered 77 Brighton Avenue in the Allston district of Boston on February 25, 1952. A third

count in the declaration grounded upon a nuisance was waived.

The action was submitted to a jury who returned a verdict for the plaintiff against each defendant. Both defendants duly claimed exceptions to the denial of their respective motions for a directed verdict. The city of Boston did not perfect its exceptions. This action now comes before us solely upon the exception of the defendant Taaffe, administratrix, to the denial of her motion for a directed verdict.

After argument before the full court the defendant presented a motion that "said action be dismissed and that . . . judgment be entered for the defendant." This motion was accompanied by an affidavit of one of counsel for the defendant which set forth that the execution issued against the city of Boston based upon the judgment entered against it had been satisfied in full by the city. Although the plaintiff and the city had notice of this motion and the affidavit supporting it, no counter affidavit has been filed.

The issue is now moot. See *Hubrite Informal Frocks, Inc. v. Kramer*, 297 Mass. 530, 534. The plaintiff is entitled to collect only the amount of one verdict. Without prejudice to the question of the right of the city to seek indemnity against the defendant for the amount the city paid to satisfy the execution against it, the entry here must be

*Action dismissed as moot.*