ALICE T. MULLEN vs. CONTRIBUTORY RETIREMENT
APPEAL BOARD.

Worcester.    January 3, 1962. — February 15, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Retirement.   Death.   Proximate Cause.   Certiorari.*

A certiorari proceeding, although commenced after the effective date of
the State administrative procedure act, G. L. c. 30A, was the proper
remedy to secure a review of a certain decision by the contributory
retirement appeal board where such effective date was nearly eleven
months after the decision and long after the expiration of the time fol-
lowing the decision provided by the statute for bringing a petition for
review thereunder.    [642–643]

Medical testimony that the chief of a fire department, who was in his office
on the second floor of the fire station when notified of a gas leak at a
home and who thereupon came down the stairs at his usual "medium
rate," said he did not "feel too good," and collapsed, and died two days
later from coronary thrombosis, "probably had a fairly advanced de-
gree" of coronary sclerosis and "in the effort of coming down the stairs
or the excitement of the moment, whatever it was, . . . developed this
attack of coronary insufficiency" leading to "coronary thrombosis," did
not require the contributory retirement appeal board to find that the
chief "died as the natural and proximate result of a personal injury
sustained . . . as a result of, and while in the performance of, his
duties at some definite place and at some definite time" within G. L.
c. 32, § 9 (1), as appearing in St. 1945, c. 658, § 1; and a decision by
the board that his widow was not entitled to death benefits under § 9
disclosed no error.    [642, 644]

PETITION for a writ of certiorari filed in the Superior
Court on July 22, 1955.

The petitioner appealed from an order by *Fairhurst, J.,*
dismissing the petition.

*Matthew R. McCann,* for the petitioner.

*Edward J. McCormack, Jr.,* Attorney General, *& Herbert
E. Tucker, Jr.,* Assistant Attorney General, for the re-
spondent, submitted a brief.

WILLIAMS, J.    This is a petition for a writ of certiorari
to correct an alleged error of the contributory retirement

appeal board in deciding adversely to the petitioner on her appeal from a decision of the Shrewsbury retirement board denying her application for accidental death benefits resulting from the death of her husband George E. Mullen, late chief of the Shrewsbury fire department. The return of the appeal board contained a transcript of the evidence from which the following facts could have been found.

On the morning of December 24, 1953, the Shrewsbury fire station was notified by radio of a gas leak at the home of one Perez. The fire truck was brought out and a fireman named Michalak went up and notified Chief Mullen who was in his office on the second floor. The chief came down the stairs in "a minute or so" at his usual "medium rate" of speed and Michalak noticed that he was very pale. Michalak said, "Chief you don't look too good." The chief replied, "I don't feel too good." He put one arm into his coat which was hanging in the office where Michalak was sitting. He was going to put the other arm into the coat and started to collapse. Michalak rushed to him and held him up. He was taken to a Worcester hospital and died on December 26 from the result of a coronary thrombosis.

Dr. Hunter, the deceased's physician, testified that the chief "probably had a fairly advanced degree" of coronary sclerosis and "in the effort of coming down the stairs or the excitement of the moment, whatever it was, he developed this attack of coronary insufficiency. . . . That means a spasm of the coronary vessels when the heart is called upon to do additional work than just sitting quietly or lying down, and this coronary insufficiency manifests itself by intense pain in the chest, the anginal pain, so-called. . . . And, the coronary insufficiency leads to coronary thrombosis."

On August 5, 1954, the appeal board affirmed the denial of the petitioner's application for accidental death benefits stating that it was not satisfied that she had established her rights to the same and that the decision of the Shrewsbury retirement board was consistent with the facts and the law as applied to those facts. The petition for certiorari was

filed on July 22, 1955. Before the enactment of the State Administrative Procedure Act, St. 1954, c. 681, § 1 (now G. L. c. 30A), which became effective July 1, 1955, certiorari was the appropriate remedy for the correction of errors by the appeal board. *Hough* v. *Contributory Retirement Appeal Bd.* 309 Mass. 534, 535, and cases cited. *Cassier* v. *Contributory Retirement Appeal Bd.* 332 Mass. 237, 238. *Hunt* v. *Contributory Retirement Appeal Bd.* 332 Mass. 625, 626. Although it was held in *Mathewson* v. *Contributory Retirement Appeal Bd.* 335 Mass. 610, 616, that since the enactment of St. 1954, c. 681, § 1, a writ of certiorari does not lie we think that on the facts of the instant case certiorari may be invoked. Under the procedure act the appeal must have been taken within thirty days after the administrative decision (c. 30A, § 14 [1]). The procedure act had not become effective when the decision of the appeal board was rendered and the petitioner's only remedy was by writ of certiorari.

A judge of the Superior Court dismissed the petition ruling that "[t]he writ of certiorari lies only to correct errors in law, and not to revise a decision of a question of fact upon the evidence introduced at the hearing before the Board, or to examine the sufficiency of the evidence to support the finding, unless objection was taken to the evidence for incompetency so as to raise a legal question." It is provided by G. L. c. 249, § 4, as amended by St. 1943, c. 374, § 1, that at the hearing upon "[a] petition for a writ of certiorari to correct errors in proceedings which are not according to the course of the common law . . . [i]t shall be open to the petitioner to contend at the hearing upon the petition that the evidence which formed the basis of the action complained of or the basis of any specified finding or conclusion was as matter of law insufficient to warrant such action, finding or conclusion."

In view of this statute, the judge was probably wrong in ruling that the writ did not lie to examine the sufficiency of the evidence to support the finding, but irrespective of the ruling we think that the petition was rightly dismissed.

*Waterman* v. *City Council of Gloucester,* 338 Mass. 284, 286. The question presented for the decision of the appeal board was whether the petitioner's husband, while a member of the contributory retirement system, "died as the natural and proximate result of a personal injury sustained . . . as a result of, and while in the performance of, his duties at some definite place and at some definite time." G. L. c. 32, § 9 (1), as appearing in St. 1945, c. 658, § 1. The evidence was sufficient to warrant the appeal board in finding it had not been shown that the death of Chief Mullen was the result of a personal injury sustained as a result of the performance of his duties. See *Cataldo* v. *Contributory Retirement Appeal Bd., ante,* 312, 314. See also *Herlihy's Case,* 267 Mass. 232, 234–235.

A conclusion was not required that the coronary attack was the result of present physical exertion or emotional excitement and strain. Cf. *Baruffaldi* v. *Contributory Retirement Appeal Bd.* 337 Mass. 495, 501; *McMurray's Case,* 331 Mass. 29, 32.

*Order dismissing petition affirmed.*