SCHOOL COMMITTEE OF SALEM *vs.* CIVIL SERVICE
COMMISSION.

Essex.    January 4, 1965. — March 18, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Civil Service. Administrative Matter. School and School Committee. Certiorari. Moot Question.*

A certiorari proceeding attacking a decision by the Civil Service Commission reversing action by the petitioner abolishing a civil service position was properly heard on the return, including the evidence before the commission, and it was open to the petitioner to contend that such evidence was insufficient to warrant the commission's decision.    [697–698]

Certiorari was the appropriate remedy of a civil service appointing authority to attack a decision by the Civil Service Commission reversing action by the appointing authority abolishing a position.    [697]

Action by a school committee abolishing a civil service position in the school lunch program by reason of the committee's judgment that a necessary reorganization of the program would best include the abolition of the position was, on review by the Civil Service Commission under G. L. c. 31, § 43 (b), improperly reversed by the commission on

the basis of a report by its hearing officer showing in essence no more than that he disagreed with the school committee's judgment. [698–699]

A certiorari proceeding by a civil service appointing authority attacking a decision by the Civil Service Commission reversing action by the appointing authority abolishing a civil service position did not become moot where it appeared that after the action by the appointing authority the employment of the incumbent of the position continued until, while the case was pending in this court, the appointing authority voted to dismiss the incumbent "effective immediately . . . predicated on the initial abolishment of the position." [700]

PETITION filed in the Superior Court on October 10, 1962.

The case was heard by *Sullivan, J.*

*A. Kenneth Carey (Alfred A. Dobrosielski,* City Solicitor, with him) for the petitioner.

*Augustus J. Camelio,* Assistant Attorney General, for the respondent.

WHITTEMORE, J.   The petitioner has appealed from the order of the Superior Court denying this petition for a writ of certiorari.   G. L. c. 213, § 1D, as amended by St. 1957, c. 155.

The issue is whether the February 5, 1962, action of the petitioner (the school committee), as an appointing authority (G. L. c. 31, § 43 [a]), abolishing the position of senior account clerk in the school lunch program then occupied by Mrs. Catherine L. Hughes "was justified."   G. L. c. 31, § 43 (b), as amended by St. 1948, c. 240.   Mrs. Hughes had duly requested a hearing and review under § 43 (b) and the Civil Service Commission on April 25, 1962, had accepted the report of the hearing officer that the school committee's action was not justified, and had reversed the action.

The issues in the Superior Court were properly tried on the return.   *Loranger* v. *Martha's Vineyard Regional High Sch. Dist. Sch. Comm.* 338 Mass. 450, 453.   The return properly included the transcript of the evidence on which the Civil Service Commission entered its order.   *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 573–574.   Certiorari was the appropriate remedy.   *Mullen* v. *Contributory Retirement Appeal Bd.* 343 Mass. 641, 642–643.   The State Administrative Procedure Act, G. L. c. 30A,

is, by § 1 (2) as appearing in St. 1959, c. 511, inapplicable to civil service proceedings.

The intervening step of review by the District Court, provided by G. L. c. 31, §§ 43 (d) and 45, is only in the case of an affirmance of the order of the appointing authority. After that step, where required, certiorari is available, *Sullivan* case, *supra.*

Review by certiorari of the proceeding before the commission is governed by G. L. c. 249, § 4. It is therein provided that where the petition is to correct errors in proceedings not according to the course of common law it "shall be open to the petitioner to contend . . . that the evidence which formed the basis of the action complained of or the basis of any specified finding or conclusion was as matter of law insufficient to warrant such action, finding or conclusion." *Murphy* v. *Third Dist. Court of E. Middlesex,* 316 Mass. 663, 667. See the *Mullen* case, *supra,* 343 Mass. 641, 643.

The evidence before the hearing officer was insufficient to warrant his conclusion that the school committee's action was unjustified. The salient parts of his report are summarized in the margin.[1] His finding is, in essence, based on his disagreement with the committee's judgment that a reorganization which included the abolition of the position would promote efficiency and economy.

---

[1] The report noted that the school committee's reasons for abolishing the position were that a reorganization of the school lunch program had become necessary because of deficits, the falling off of student participation and the need of providing a balanced nutrient diet under State requirements and in order, by expansion and consolidation of the program under a reorganization, to obtain a more economical and effective administration of the program. The school committee had engaged Edward Riley to operate the whole project, but subsequently it appeared that Riley wanted to employ Mrs. Hughes to continue her work. No fault was found with her performance of her duties. In view of Riley's desire to have Mrs. Hughes in the program he could not find that a reorganization necessitated the abolition of the job. She had nothing to do with deficits, or the falling off of student participation, or providing a balanced nutrient diet. "It seems to me that if there is going to be an expansion of the program and even though there may be some consolidation, a Senior Account Clerk would be all the more necessary and that, therefore, her position should not be abolished." The school committee had not produced evidence which would warrant it in abolishing the position. The job will be just as necessary after reorganization as before and the action was not justified.

Such a decision, however, was for the school committee. Chapter 31, § 43, does not substitute the Civil Service Commission for the school committee in the operation of the school department. See *MacKenzie* v. *School Comm.· of Ipswich,* 342 Mass. 612, 619; cases gathered in *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 581; *Dooling* v. *Fire Commr. of Malden,* 309 Mass. 156; *Murphy* v. *Third Dist. Court of E. Middlesex,* 316 Mass. 663, 668; *Simonian* v. *Boston Redevelopment Authy.* 342 Mass. 573, 581.

The school lunch· program is a school committee function. G. L. c. 71, § 72. The· record shows that the committee exercised its best judgment. It shows that, after deliberation, the school committee effected a reorganization that excluded Mrs. Hughes's position. That reorganization justified the abolition of the position. True, the testimony shows that Riley, who had been engaged to operate the reorganized program without the clerical assistance which Mrs. Hughes afforded, indicated to the superintendent, after his employment began, that he had need for such help and asked the superintendent if he could retain Mrs. Hughes. He said that, after thinking it over, he felt he would need clerical help. He did not, however, according to the testimony, "make that impression known to the School Committee when he was interviewed for the position." Riley's belated views were not binding on the school committee. They may tend to show that the committee's decision was inadvisable; on the other hand, for aught that appears, notwithstanding the views of Riley soon after he was employed, one person can efficiently and economically operate the program. In any event, no basis appears for overriding the committee's determination. Even though c. 31, § 43 (b), provides for a hearing "de novo upon all material evidence and a decision . . . upon that evidence and not merely for a review of the previous hearing" (*Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 572) the issue as to "just cause" (§ 43 [a]) is narrow where the cause is abolition of the position. This contrasts with the *Sullivan* case where the removal by the appointing authority was disciplinary action.

The respondent contends that the case is moot. We disagree. Affidavits show that Mrs. Hughes's employment has been continued during the litigation and that on December 28, 1964, the school committee voted to dismiss Mrs. Hughes "effective immediately . . . predicated on the initial abolishment of the position . . . and that . . . [she] was so notified." As to dismissal for mootness on a showing to this court, see *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 534; *Duncan* v. *Taaffe*, 339 Mass. 519, 520. We construe the continued employment of Mrs. Hughes as recognition that the validity of the termination of her employment had not been determined.

The respondent's motion to dismiss the appeal is denied. The order denying the petition is reversed. An order is to enter in the Superior Court reversing the decision of the commission, and affirming the action of the committee.

*So ordered.*