JOSEPH F. McDONOUGH[1] *vs.* PLYMOUTH COUNTY PERSONNEL BOARD & others.[2]

No. 01-P-832.

Plymouth. December 13, 2002. - April 16, 2003.

Present: BECK, DREBEN, & McHUGH, JJ.

Further appellate review granted, 439 Mass. 1105 (2003).

*Sheriff. County,* Employees. *Public Employment,* Removal. *Administrative Law,* Decision, Judicial review.

This court remanded a civil action to the Superior Court with instructions to remand the matter to the Plymouth County personnel board (board) either to provide a statement of reasons for its decision reinstating an employee at a house of correction to his position after the plaintiff sheriff had terminated the employee as part of a reorganization, or, given the length of time that had passed since the board rendered its decision, for a new hearing. [790-792]

CIVIL ACTION commenced in the Superior Court Department on April 27, 2001.

The case was heard by *David A. McLaughlin,* J.

*Norman Holtz* for the plaintiff.

*Mark S. Bourbeau* for John Novero.

*Mark C. Gildea* for Plymouth County personnel board.

McHUGH, J. Defendant John Novero had served as the director of classification and treatment at the Plymouth County house of correction for a little over eight years before the plaintiff, Joseph F. McDonough (sheriff), was elected to the position of sheriff in November, 2000. Upon his election, the sheriff began reorganizing the department. Among other things, reorganizational changes eliminated the job title Novero held. The duties

---

[1] Individually and as sheriff of Plymouth County.

[2] Sued in their individual and official capacities as members of the Plymouth County personnel board are John Riordan, Peter P. Asiaf, Jr., and Robert Stone. An additional named defendant is John Novero.

Novero performed would then be divided between a new director of program services and the director of security. Although the duties of the new director of program services were identical to some of the duties Novero had been performing, the reorganization plan required the director to have educational qualifications Novero did not have.

At some point during the reorganization, the sheriff sent Novero a letter stating, in essence, that Novero's job had been reorganized out of existence, with the consequence that Novero was terminated. Novero sought and obtained a hearing before the sheriff pursuant to G. L. c. 35, § 51, and the discharge was affirmed. Novero then obtained a review hearing before the Plymouth County personnel board. See G. L. c. 35, §§ 48, 51. At that hearing, the sheriff was the only witness. When his testimony ended, Novero moved for a directed verdict, claiming that the sheriff had not met his burden of proving that he had discharged Novero for just cause. After some discussion, the board, by a two-to-one vote and without a statement of reasons, ordered Novero reinstated. A letter soon emanated from the board's counsel restating the board's vote in writing, but again without a statement of reasons.

Faced with that disagreeable result, the sheriff took the board's decision to the Superior Court pursuant to G. L. c. 249, § 4.[3] After a hearing, the Superior Court judge issued a memorandum of decision in which he noted the absence of stated reasons for the board's decision. In his view, however, the absence of reasons was inconsequential because, given the examination and cross-examination at the hearing, the "Board could only have decided as it did if it found that [the sheriff's actions relative to Novero and to Novero's job] did not constitute part of a 'reorganization.' " Noting that § 51 placed the burden of proof on the sheriff, the judge concluded that "[t]here was sufficient evidence before the Board that the actions of the sheriff did not constitute . . . a reorganization."

---

[3]General Laws c. 35, § 51, provides that a person whose discharge is affirmed by the board may bring a petition for judicial review in the District Court. There is, however, no specific statutory review mechanism available to an employer. General Laws c. 249, § 4, therefore, is an appropriate device for bringing the action to Superior Court.

Concluding, as we do, that the issue is not quite that straightforward, we vacate the judgment.

Under G. L. c. 35, § 51, certain county employees who, like Novero, have completed at least five years of county service "may not be discharged from [their] employment except for just cause and for reasons specifically given . . . in writing by the appointing authority."[4] The statute also says that the discharged employee, if dissatisfied with the appointing authority's written reasons, may seek a hearing, first from the appointing authority and, if unsuccessful, from the board.

Under the statute, the board's decision must be "in writing" but there is no explicit statutory requirement for a statement of reasons. Nevertheless, such a statement "at or near the time of decision . . . aids the board in reaching a correct result, besides helping the court in the process of review." *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph*, 19 Mass. App. Ct. 296, 304 (1985). Consequently, it is "appropriate for the court to require an explanation in any singular case where a board has not supplied it." *Sherman* v. *Rent Control Bd. of Brookline*, 367 Mass. 1, 11 (1975). This is such a case.

Our own view of the record discloses several possible bases for the board's decision requiring the sheriff to reinstate Novero. For example, the board could have concluded that, although the sheriff said he had reorganized the department, he really had not done so.[5] Likewise, the board could have concluded that, although there was a reorganization, the reorganization was

---

[4]The sheriff, citing cases like *Rutan* v. *Republican Party of Ill.*, 497 U.S. 62 (1990), and *Elrod* v. *Burns*, 427 U.S. 347 (1976), suggests that policy makers like Novero are not entitled to the tenure benefits of G. L. c. 35, § 51. But the cited cases only reveal the absence of a constitutional bar to removal of policy makers at certain levels. The bar here is statutory. Both in § 51 itself and in G. L. c. 35, § 49, the Legislature specifically designated those county positions to which the tenure provisions do not apply. Novero's position was not among them. Moreover, the Legislature's extensive list of exclusions from the civil service laws, see G. L. c. 31, § 48, shows its ability to make exclusions from tenure provisions when it desires to do so.

[5]Remarks by the dissenting commissioner suggested that he believed that the sheriff had in fact reorganized the department. The reorganization evidence therefore was persuasive to at least one board member but may have divided that member from the others.

neither carefully considered nor consistent with sound penology.[6] As a final example, the board could have concluded the sheriff had used a genuine reorganization as a pretext for discharging Novero.[7]

Our difficulty is that the ground on which the board actually rested its decision determines the proper approach to judicial review. By analogy to the civil service laws and, in particular, to G. L. c. 31, § 41, after which G. L. c. 35, § 51, is modeled, at least in material part, the burden is on the sheriff to prove that a reorganization was the reason for Novero's discharge, i.e., that there was a reorganization and that the reorganization produced Novero's dismissal. See *Gloucester* v. *Civil Serv. Commn.*, 408 Mass. 292, 297 (1990); *School Comm. of Brockton* v. *Civil Serv. Commn.*, 43 Mass. App. Ct. 486, 488 (1997). Whether the sheriff carried that burden may depend on such things as whether "after [Novero's] dismissal any one officer or employee performed the same combination of duties that [Novero] had been performing, or [whether] the total number of persons employed was . . . reduced as a result of [Novero's] leaving, or [whether] there was . . . a net saving in expense." *Murphy* v. *Third Dist. Ct. of E. Middlesex*, 316 Mass. 663, 666-667 (1944).

If the sheriff carries his burden of proving a reorganization, then the board has no power to assess the wisdom or soundness

---

[6]This may have been the view of one of the commissioners who voted in favor of Novero's reinstatement. In remarks before the vote, this commissioner quoted a portion of our opinion in *Cambridge Hous. Authy.* v. *Civil Serv. Commn.*, 7 Mass. App. Ct. 586, 589 (1979), in the following context:

" 'The abolition of an unnecessary' — emphasis on 'unnecessary' — 'position made in good faith plainly is the duty of an executive or administrative officer. One holding such a position, though efficient in the performance of his or her duty, may be removed simply because the position is no longer necessary' — emphasis 'no longer' — 'provided the removal is made in good faith and the recital of the reason is not made to cover for some [other] unjustifiable motive.' "

Following that recitation, the commissioner moved for Novero's reinstatement. The commissioner's emphasis on two portions of the foregoing quotation may have signaled his disagreement with the sheriff's decision to abolish Novero's position as part of the reorganization.

[7]The remarks of the commissioner quoted in note 6, *supra*, also are consistent with that position.

of the reorganization plan. *School Comm. of Salem* v. *Civil Serv. Commn.*, 348 Mass. 696, 699 (1965). Perhaps more importantly, if the sheriff carries that burden, then the burden shifts to Novero to show that his discharge was the result of bad faith or that the reorganization was used as a pretext to drive him out of his job. See *Cambridge Hous. Authy.* v. *Civil Serv. Commn.*, 7 Mass. App. Ct. 586, 590-591 (1979); *Commissioner of Health & Hosps. of Boston* v. *Civil Serv. Commn.*, 23 Mass. App. Ct. 410, 413 (1987); *Green* v. *Brookline*, 53 Mass. App. Ct. 120, 125 (2001).

The basis for the board's decision, therefore, determines whether it rested on permissible grounds and, if so, where the burden of proof lay. Locating the burden of proof, in turn, necessarily informs the way in which judicial review proceeds. Without knowing the basis for the board's decision, judicial review necessarily depends on guess and conjecture, neither of which should play even a supporting role in decisions of consequence. The judgment is vacated and an order is to enter in the Superior Court remanding the matter to the board either to provide a statement of reasons or, given the length of time that now has passed, for a new hearing.

*So ordered.*