SHERIFF OF PLYMOUTH COUNTY *vs.* PLYMOUTH COUNTY
PERSONNEL BOARD & another.[1]

Plymouth. November 6, 2003. - January 21, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Sheriff. Practice, Civil,* Action in nature of certiorari. *Public Employment,* Reinstatement of personnel, Removal *County,* Employees. *Administrative Law,* Decision, Judicial review.

In a civil action for review of a county personnel board's (board's) decision reinstating a county employee to a position that the county's sheriff had eliminated, the absence of written findings or reasons for the board's decision was inconsequential where the board's reasoning could be determined with reasonable certainty from the record. [710-712]

A county personnel board properly concluded that a sheriff had failed to meet his burden of proving that he had abolished a county employee's position pursuant to a genuine reorganization, where the evidence showed no more than a de minimis difference between the county employee's eliminated position and a newly created post [712-713]; moreover, rather than being an employee at will, the employee in question was tenured and could only be discharged for just cause under G. L. c. 35, § 51 [714].

CIVIL ACTION in the Superior Court Department on April 27, 2001.

The case was heard by *David A. McLaughlin,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Mark S. Bourbeau* for John Novero.

*Norman Holtz* for the plaintiff.

*Mark C. Gildea,* for Plymouth County personnel board, was present but did not argue.

SPINA, J. After being elected sheriff of Plymouth County in November, 2000, Joseph McDonough gave notice under G. L.

----

[1] John Novero.

c. 35, § 51,[2] to John Novero, who had served as classification
and treatment director of the Plymouth County house of correc-
tion for nine years, that his job would be eliminated as a result
of a reorganization of the sheriff's department, and that a new
position, director of program services, would be established.
The sheriff gave Novero a hearing pursuant to § 51, and the
discharge was affirmed. Novero appealed from the decision to
the Plymouth County personnel board (board). See G. L. c. 35,
§§ 48, 51. The sheriff was the only witness at the hearing before
the board, and he explained that his decision was based solely
on a departmental "reorganization." At the end of the sheriff's
case, Novero made a motion in the nature of a directed verdict
and argued that he was entitled to reinstatement because the
sheriff had not met his burden of showing that Novero's posi-
tion had been abolished, where the undisputed evidence
indicated that the newly created position and Novero's position
were essentially the same.[3] The board discussed the case briefly,
voted, and by a two-to-one decision orally ordered Novero
reinstated. The board subsequently issued a letter that set forth
the vote in writing but did not state the reasons for reinstatement.

The sheriff brought an action in the nature of certiorari to
review the board's decision.[4] He claimed that the board's deci-
sion should be vacated because the board misallocated the
burden of proof; failed to provide written reasons for its deci-
sion; and failed to render a written decision. A judge in the
Superior Court affirmed the board's decision to reinstate Novero,
concluding that the outcome was unaffected by the burden of

[2]General Laws c. 35, § 51, states in relevant part: "Any employee subject
to [§§ 48-56], inclusive, except [employees in certain enumerated positions
not applicable here] . . . who has completed at least five years of service may
not be discharged from such employment except for just cause and for reasons
specifically given him in writing by the appointing authority. Before any such
discharge is effected, the employee shall be given a full hearing before the ap-
pointing authority. . . ."

"If within five days after receiving written notice of the decision of the ap-
pointing authority, the person so discharged shall so request in writing, he
shall be given a hearing before the [county personnel] board."

[3]The sheriff's counsel admitted that Novero's position and the newly cre-
ated one "look alike."

[4]Novero challenged the sheriff's right to seek judicial review in the nature
of certiorari. We need not address this argument because the result is
unaffected.

proof; the failure by the board to state its reasons in writing was harmless because "it was clear from the record that there could only be one ground for the termination . . . [, i.e.,] the board could only have decided as it did if it found that the change in Novero's duties did not constitute part of a 'reorganization' "; and the board's failure to render a written decision was of no consequence because the board members unambiguously articulated their decision at the conclusion of the hearing.[5]

The sheriff appealed to the Appeals Court, which vacated the judgment of the Superior Court on ground that the record allowed for multiple interpretations of the board's reasoning. The Appeals Court remanded the case to the board for clarification of its reasons, or a new hearing. See *McDonough* v. *Plymouth County Personnel Bd.*, 57 Mass. App. Ct. 788 (2003). We granted the application of the board and Novero for further appellate review. We affirm the judgment of the Superior Court.

1. *Standard of review.* General Laws c. 249, § 4, establishes limited judicial review in the nature of certiorari "to correct errors in proceedings which are not according to the course of the common law . . . not otherwise reviewable," as here. Certiorari allows a court to "correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff. . . . In its review, the court may rectify only those errors of law which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public." *Massachusetts Bay Transp. Auth.* v. *Auditor of the Commonwealth*, 430 Mass. 783, 790 (2000), quoting *Carney* v. *Springfield*, 403 Mass. 604, 605 (1988).

2. *Statement of reasons.* The sheriff argues that the board was required to produce a written statement of findings or reasons for its decision. General Laws c. 35, § 51, only requires that the decision, not the reasoning, be in writing. *McDonough* v. *Plymouth County Personnel Bd.*, *supra* at 790. A requirement of written reasons in support of a decision has been imposed on other decision makers. For example, the Legislature explicitly requires State agencies to provide a written statement of reasons

---

[5]Because the sheriff did not raise this last issue on appeal it is deemed waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

for their decisions. G. L. c. 30A, § 11 (8) ("The decision shall be accompanied by a statement of reasons for the decision . . ."). The civil service law provides: "Upon completion of the hearing, the member or hearing officer shall file forthwith a report of his findings with the commission . . . [which] shall render a written decision and send notice thereof to all parties concerned." G. L. c. 31, § 43. The absence of such a requirement in G. L. c. 35, § 51, suggests that the Legislature did not intend to impose a similar requirement on county personnel boards. Written findings are helpful to a reviewing court, and generally are necessary for meaningful review; but they are not necessary where the board's reasoning is otherwise apparent. *Id.* See *Desmarais* v. *Department of Pub. Utils.*, 363 Mass. 883, 883 (1973) ("better practice calls for explicit findings of fact by the agency and a statement of reasons for its decision"). Here, no such writing was necessary because the board's reasoning can be determined with reasonable certainty from the record.

The board's vote, which followed the singular testimony of the sheriff, could only be interpreted as resting on the structure of the sheriff's reorganization of Novero's position. The sheriff's sole justification for discharging Novero was based on his "reorganization" of the department and not Novero's job performance.[6] A position may be abolished pursuant to a genuine reorganization plan if the reorganization would, for example, promote efficiency and economy, see *School Comm. of Salem* v. *Civil Serv. Comm'n*, 348 Mass. 696, 698-699 (1965), or if the position is no longer necessary. See *Mayor of Somerville* v. *District Court of Somerville*, 317 Mass. 106, 123 (1944), quoting *Gardner* v. *Lowell*, 221 Mass. 150, 154 (1915). Where, as here, the position remained essentially unchanged after the reorganization, it is sufficiently clear that the board rejected the

---

[6]In his supplemental brief, the sheriff argues for the first time that Novero's termination was the result of his job performance. This claim was not made to the board. Thus, we decline to consider the issue. See *Still* v. *Commissioner of the Dep't of Employment & Training*, 423 Mass. 805, 808 n.3 (1996). Moreover, there is no evidence that the sheriff based Novero's discharge on performance. When asked whether Novero was discharged for any violation of a rule, regulation, or conduct, the sheriff responded, "Not at this time." Further, the evidence reveals that Novero had received excellent evaluations from the deputy superintendent from 1992 through 2000.

sheriff's characterization of Novero's discharge as incidental to a genuine reorganization. See *Murphy* v. *Third Dist. Court of E. Middlesex*, 316 Mass. 663, 667-668 (1944); *McNeil* v. *Mayor & City Council of Peabody*, 297 Mass. 499, 504 (1937). The absence of any written reason was, therefore, inconsequential.

We disagree with the Appeals Court's conclusion that "the record discloses several possible bases for the board's decision." *McDonough* v. *Plymouth County Personnel Bd., supra* at 790. There was no basis to suppose, as the Appeals Court suggests, that the board might have concluded that "the reorganization was neither carefully considered nor consistent with sound penology," or that "the sheriff had used a genuine reorganization as a pretext for discharging Novero." *Id.* at 790-791. The case was tried on the theory that there was no "genuine reorganization," not that the reorganization was ill conceived or used as a pretext. The simple focus of Novero's case was that there can be no valid job reorganization where one job is replaced by its functional equivalent in a single new position, and such a "reorganization" may not provide "just cause" for discharge. See *Cambridge Hous. Auth.* v. *Civil Serv. Comm'n*, 7 Mass. App. Ct. 586, 590 (1979). Cf. *McNeil* v. *Mayor & City Council of Peabody, supra.* Contrary to the Appeals Court's observation about the board member who quoted from *Cambridge Hous. Auth.* v. *Civil Serv. Comm'n, supra* at 589, the board member was not commenting on the wisdom of the reorganization or the use of a genuine reorganization as a pretext for adverse action, but on the genuineness of the reorganization itself. He was questioning whether a job properly could be considered abolished as "unnecessary" or "no longer necessary" where it has been replaced by a new position that was its functional equivalent. See *McDonough* v. *Plymouth County Personnel Bd., supra* at 791 nn.6 & 7. The only reasonable conclusion to draw from the board's decision is that two board members determined that the sheriff failed to show that Novero had been discharged for just cause based on a genuine reorganization.

3. *Burden of proof.* The sheriff contends that his burden was one of mere production and that Novero was required to prove that the "reorganization" was a pretext for a malevolent motive.

The sheriff further contends that he met his burden by producing evidence of his reasons for eliminating Novero's position and for refusing to reassign Novero to the "newly created" position, but that Novero failed to meet his burden of proving that the sheriff acted in bad faith by using "reorganization" as a pretext for unlawful discharge.

General Laws c. 35, § 51, states that "[i]f the board finds that the action of the appointing authority *was justified,* such action shall be affirmed; otherwise, it shall be reversed and the person concerned shall be returned to his office or position without loss of compensation" (emphasis added). For the reasons stated by the Appeals Court, § 51 is modeled somewhat on the civil service laws and, in particular, G. L. c. 31, § 41, and that the burden of proof fell on the sheriff to show that Novero was discharged "for just cause," here, that the discharge was due to a genuine reorganization. See *McDonough* v. *Plymouth County Personnel Bd., supra* at 791. The record indicates that the sheriff was aware of his burden, as his counsel devoted his opening statement and his direct examination of the sheriff to the theory that Novero's discharge was the result of a genuine reorganization. Further, the sheriff never argued before the board that the burden of proof rested with Novero, and he did not object to the use of the directed verdict procedure to test the sufficiency of his prima facie case. Where the evidence failed to show more than a de minimis difference between Novero's position and the newly created post, the board could properly conclude that the sheriff did not satisfy his burden of proving that Novero's position was abolished pursuant to a genuine reorganization.

Contrary to the sheriff's claim that the board improperly substituted its judgment for his, see *School Comm. of Salem* v. *Civil Serv. Comm'n, supra* at 699, the board recognized that when a newly created position is the functional equivalent of an abolished position, it is not the product of a genuine reorganization. The board correctly recognized that such a decision could not supply "just cause" to discharge Novero.

Because the sheriff failed to meet his burden of proof, we need not consider whether Novero was required to show evidence of bad faith.

4. *Policy-making position.* The sheriff argues in the alternative that he was entitled to discharge Novero and select an individual of his choice because the position was a high level policy-making position whose occupant could be discharged at the will of the sheriff. His reliance on cases that recognize political loyalty and affiliation as appropriate job requirements is misplaced. See, e.g., *O'Connor* v. *Steeves*, 994 F.2d 905, 909 (1st Cir. 1993), and cases cited. Unlike the employees in those cases, Novero is not an at-will employee. Novero is a tenured county employee who may only be discharged for just cause under G. L. c. 35, § 51, and the sheriff proceeded under that statute. General Laws c. 35, § 51, gives tenure to all county employees who have completed five years of service unless otherwise exempted by the statute. Novero's position was not exempted.

*Judgment affirmed.*