Nickerson, Gary A., J.
This is an action in the nature of certiorari whereby the plaintiff, Robert D. Whitty, seeks to overturn the Barnstable District Court’s decision affirming the Barnstable County Retirement Association’s denial of Whitty’s request for pension benefits. Both Whitty and BCRA seek to prevail per their cross motions for judgment on the pleadings. The motions were argued in the Superior Court on April 10, 2007.

BACKGROUND

Whitty was employed for twenty-eight years by the Town of Barnstable as the Town Assessor. He resigned from the position on April 16, 2002 in the wake of his arrest on child pornography charges. His crime was revealed when a computer technician performed routine maintenance on the town owned computer used by Whitty in his work as assessor. Whitty pled guilty to the charges and received a split sentence calling for a period of incarceration followed by a term of probation. His primary crime was possession of child pornography. There is no evidence that he disseminated such material for profit.
After his incarceration Whitty filed an application for pension benefits with BCRA. Based on his years in service and his age he would, in the normal course, have been entitled to such benefits. On December 29, 2003, a hearing officer appointed by BCRA rendered a decision that Whitty had violated G.L.c. 32, §15(1) by using the town’s computer to access child pornography. The hearing officer deemed Whitty’s actions to be “a misappropriation of property as contemplated under the provision of this section [G.L.c. 32, §15(1)].” The hearing officer ruled it was “unnecessary to determine whether the wrongdoing was conducted during Mr. Whitty’s work hours." No loss of Town funds was found and no amount of restitution determined. Further, the hearing officer found that Whitty’s conduct violated G.L.c. 32, §15(3) but did not violate sections 15(3A) and 15(4) of, said chapter.
In due course BCRA adopted the hearing officer’s findings and denied pension benefits to Whitty but did offer to refund his contributions to the system. Pursuant to G.L.c. 32, §16(3), Whitty petitioned the Barn-stable District Court for relief from BCRA’s decision. The Court, Lynch, J., upheld BCRA. The present action followed.

DISCUSSION

Judicial review in the nature of certiorari is limited in scope to correcting only those errors of law which have resulted in manifest injustice to a party. Sheriff of Plymouth County v. Plymouth County Personnel Board, 440 Mass. 708, 710 (2004). The Court is not authorized to weigh evidence, find facts, exercise discretion or substitute its judgment for that of the administrative body. Id. Review is limited to determining whether the decision is legally erroneous or is so devoid of factual support as to be arbitrary and capricious. FIC Homes of Blacks tone, Inc. v. Conservation Commission of Blackstone, 41 Mass.App.Ct. 681, 684-85 (1996).
The various subparts of section 15 of Chapter 32 of the General Laws provide for the forfeiture of retirement benefits, or for the forfeiture of the employee’s contributions to the retirement fund, or for restitution to the public employer before retirement benefits are paid. The restriction imposed depends upon the degree of the employee’s misconduct. Section 15(3A) and 15(4) are penal in nature, i.e. the employee is stripped of his or her retirement benefits and, when section 15(3A) applies, is stripped of his or her contributions to the retirement fund. See State Board of Retirement v. Bulger, 446 Mass. 169, 174-75 (2006). These penalties are imposed upon employees who directly abuse their positions of authority.
Sections 15(1) and 15(3) are restitutionaiy in nature, not penal. Doherty v. Retirement Board of Medford, 425 Mass. 130, 144 (1997). Employees who misappropriate public funds or property cannot draw pension benefits unless and until full restitution has been made. In the case at hand, BCRA’s decision fails to recognize the fundamental distinction between the various subparts of section 15. BCRA erred in barring Whitty from pension benefits without exception. BCRA found a misappropriation under 15(1) and 15(3) but no official misconduct under 15(3A) and 15(4). Whitty is entitled to pension benefits after restitution is made. This is what the law requires despite the reprehensible nature of Whitty’s misappropriation of computer services to seek child pornography.
BCRA acted lawfully in determining that Whitty misappropriated computer services. The statutory term “misappropriation of funds or property” can be interpreted broadly inasmuch as the purpose of sections 15(1) and 15(3) is restitutionaiy and not penal. Cf. Collatos v. Boston Retirement Board, 396 Mass. 684, 686-87 (1986). Clearly using the Town’s computer for inappropriate, unauthorized and illegal purposes is a misappropriation of property. See Doherty, 425 Mass. at 133-34; Arruda v. Contributory Retirement Appeal Board, 28 Mass.App.Ct., 366, 367 (1990).
BCRA failed to consider restitution. The appropriate remedy is to remand the case to BCRA for a determination as to restitution and net retirement benefits due Whitiy, if any. Anuda, 28 Mass.App.Ct., at 368. Restitution encompasses both the amount misappropriated and the costs of investigation. Id.

ORDER

For the above-stated reasons it is ORDERED that Barnstable County Retirement Association’s motion for judgment on the pleadings be ALLOWED in part and be DENIED in part, and that Robert D. Whitty’s cross motion for judgment on the pleadings be ALLOWED in part and DENIED in part. Further it is ORDERED that the decision of the Barnstable County Retirement Association and the Barnstable District Court be AFFIRMED as to the determination that *381 Robert D. Whitty misappropriated town property but that said decisions be REVERSED as to the absolute denial of pension benefits to Robert D. Whitty. Further it is ORDERED that the matter be REMANDED to the Barnstable County Retirement Association for a determination as to the amount misappropriated, the costs of investigation and the net retirement benefits due Robert D. Whitty, if any.