WILLIAM SANTIAGO vs. LOIS RUSSO[1] & others.[2]

No. 09-P-573.

Suffolk. January 29, 2010. - September 8, 2010.

Present: DUFFLY, RUBIN, & MILKEY, JJ.

*Imprisonment,* Enforcement of discipline. *Administrative Law,* Prison disciplinary proceeding. *Practice, Civil,* Action in nature of certiorari.

A Superior Court judge did not err in dismissing the claims of a lawfully confined prisoner (plaintiff) seeking review of the disciplinary proceedings brought against him, where the record supported by substantial evidence the hearing officer's determinations of guilt and the imposition of sanctions based on those determinations; and where there was no merit to the plaintiff's claims of procedural missteps and regulatory violations in the conduct of the disciplinary proceedings. [613-618]

CIVIL ACTION commenced in the Superior Court Department on February 9, 2006.

The case was heard by *John C. Cratsley,* J., on motions for judgment on the pleadings.

The case was submitted on briefs.

*William Santiago,* pro se.

*Nancy Ankers White,* Special Assistant Attorney General, & *David J. Rentsch* for the defendants.

RUBIN, J. The plaintiff, a prisoner lawfully confined at the Souza-Baranowski Correctional Center, appeals from a Superior Court judgment dismissing his several claims against the defendant Department of Correction (department) prison officials and employees in connection with disciplinary proceedings against

---

[1]Individually and in her capacity as superintendent of Souza-Baranowski Correctional Center.

[2]Jeffrey J. Cardin, Nestor Cruz, and Luis Melendez, individually and in their capacity as correction officers assigned to the Souza-Baranowski Correctional Center, and Donald R. Lareau, individually and in his capacity as a Department of Correction hearing officer.

him. The claims asserted in the complaint included retaliation, violation of Federal and State civil rights, and violation of department regulatory provisions relative to the conduct of disciplinary hearings.

*Background.* Following a search of the plaintiff's cell, correction officers found numerous items of contraband.[3] The plaintiff was served with a disciplinary report charging him with six offenses and was immediately placed in isolation pending a disciplinary hearing, which occurred nineteen days later, following two delays.

The defendant hearing officer found the plaintiff guilty on five of the six offenses charged and sanctioned the plaintiff with sixty days' loss of telephone privileges, sixty days' loss of canteen privileges, and ten days' placement in the department segregation unit.[4] The plaintiff's administrative appeal to the defendant superintendent proved unavailing; thus, the plaintiff brought his claim for review of the disciplinary proceedings to the Superior Court.

*Discussion.* The results of department disciplinary proceedings are to be reviewed under G. L. c. 249, § 4, to allow a court to "correct only a substantial error of law, evidenced by the record, which adversely affects a material right of the plaintiff." *Sheriff of Plymouth County* v. *Plymouth County Personnel Bd.,* 440 Mass. 708, 710 (2004), quoting from *Massachusetts Bay Transp. Auth.* v. *Auditor of the Commonwealth,* 430 Mass. 783, 790 (2000). Review is confined to the administrative record of

---

[3] The items are listed in the judge's memorandum of decision and include items such as a plastic cross sharpened at one end to a point, pieces of wire, and a razor blade concealed within a typewriter ribbon cartridge, each of which could be seen as posing a possible security threat.

In addition, the officers found several handwritten notes addressed to correction officers that had been so placed by the plaintiff in his cell that correction officers were bound to find them. The hearing officer found the notes to be insolent because of their mocking tone.

[4] The pre-2006 version of 103 Code Mass. Regs. §§ 430.01 et seq., relating to inmate discipline, is applicable to this proceeding. The matter was designated "major" (versus "minor"), the determination of which is a discretionary function given the disciplinary officer under 103 Code Mass. Regs. § 430.09(2) and (4) (1993), based upon the officer's consideration of certain factors listed in § 430.09(4). As the label suggests, "major" disciplinary matters are subject to a more rigorous administrative process and may generate harsher sanctions than minor matters.

the proceedings, which viewed in its entirety must demonstrate substantial evidence of the plaintiff's guilt under a preponderance of the evidence standard. See *Puleio* v. *Commissioner of Correction*, 52 Mass. App. Ct. 302, 305 (2001); 103 Code Mass. Regs. § 430.16(1) (1993). The hearing officer's findings and determinations of credibility are final and may not be set aside by the reviewing court unless there appears no basis for them in the record. See *Durbin* v. *Selectmen of Kingston*, 62 Mass. App. Ct. 1, 6 (2004).

The plaintiff does not challenge the validity of any of the regulations setting out the offenses of which he was found guilty, but he does challenge the sufficiency of the evidence to support the findings of guilt. The record, however, supports by substantial evidence the hearing officer's determinations of guilt on each offense, and imposition of sanctions based on those determinations, as the hearing officer explained in his decision. In particular, with respect to "violating a department rule or regulation," 103 Code Mass. Regs. § 430.24(2) (1993), the hearing officer provided two independent reasons for his finding of guilt. It is undisputed that the plaintiff possessed carbon paper. It is not among the list of permitted items found in the regulations, and the hearing officer found its possession therefore violated the rules concerning inmate property. The plaintiff has alleged that carbon paper is given the inmates by institutional personnel, apparently for filling out legal forms. If this were true, and depending upon the facts surrounding inmates' permitted use of such carbon paper, it might undermine the conclusion that the carbon paper is not permitted property. We need not, however, address the issue as the guilty finding is independently supported by evidence of the wire found in the plaintiff's cell. The hearing officer erred in describing the wires found in the plaintiff's cell as "spliced," but it is undisputed that two pieces of wire were found in an envelope and other pieces of wire were found in a typewriter ribbon cartridge in the cell. The plaintiff does not contend that possession of that wire was permitted under the rules and regulations. There was also substantial evidence of "disobeying an order of . . . or insolence toward a staff member," 103 Code Mass. Regs. § 430.24(01), both in the plaintiff's notes left for the correction officers to find, which could have been found mocking by the trier of fact, and thus

insolent, and, independently, in the fact that the plaintiff had been warned not to fold other people's laundry, and that he nonetheless did so, facts that could have been found by the trier of fact. There was sufficient evidence to support the finding that the plaintiff's conduct disrupted the orderly running of the institution, 103 Code Mass. Regs. § 430.24(8), and that charge was not, as the defendant contends, duplicative of any of the other charges. There was also sufficient evidence to support both the finding of possession of items not authorized for retention, 103 Code Mass. Regs. § 430.24(24), and of unauthorized possession of property belonging to another, 103 Code Mass. Regs. § 430.24(23). With respect to the latter charge, although the plaintiff argues that a radio found in his cell belonged to him, the inferences drawn by the hearing officer with respect to the radio were reasonable and supported by the evidence.

The plaintiff alleges that the search of his cell and discipline imposed upon him in this case was in retaliation for his having achieved a partial victory in another civil suit in the Superior Court against some of the same defendants.[5] (He also alleges evidence was planted in his cell in retaliation, but the hearing officer was not bound to credit his testimony in that regard.) In support of his retaliation claim, he alleges in his verified complaint that the search of his cell was the first cell search in approximately five years and that it came on the same day he informed the searching correction officer of the outcome of the appeal in that civil suit.

The United States Supreme Court has held that an inmate has no reasonable expectation of privacy in his cell and, hence, enjoys no protections under the Fourth Amendment to the United States Constitution from constitutionally unreasonable searches by prison officials. *Hudson* v. *Palmer*, 468 U.S. 517, 529-530 (1984). To the extent the plaintiff makes a separate claim based on the search, the plaintiff cites no other Federal constitutional provision or law that he claims was violated, so his claim under 42 U.S.C. § 1983 (2006) must fail. Likewise he cites no right under the Massachusetts Declaration of Rights or laws of the Commonwealth that the search violated, and so his State civil rights claim under G. L. c. 12, §§ 11H-11I, too, must fail.

---

[5]See *Santiago* v. *Kelly*, 63 Mass. App. Ct. 1118 (2005).

The claim that the disciplinary proceedings following the search were instituted for an improper motive fares no better. An independent, permissible basis for the proceedings and the sanctions that resulted appears in the form of the credible evidence that supports the hearing officer's guilty determinations. "Even if the defendants had an impermissible reason for disciplining the plaintiff, they are not liable if they also had an independent, permissible reason for doing so." *Puleio* v. *Commissioner of Correction, supra* at 310. For this reason claims founded upon the improper motive/retaliation theory — including claims of civil rights violations under 42 U.S.C. § 1983 and G. L. c. 12, §§ 11H-11I — are not viable.[6]

The plaintiff alleges a number of procedural missteps and regulatory violations by the defendants in their conduct of the disciplinary proceedings. These include claims that (a) the hearing did not occur within a reasonable time; (b) requests for certain witnesses and evidence at the hearing were improperly denied; (c) the proceedings were not tape recorded; (d) the hearing officer's report was deficient; (e) the disciplinary report should have been designated a "minor" matter rather than a "major" one (see note 4, *supra*); and (f) the hearing officer was biased. These claims all fail.

The hearing occurred on December 27, 2005, nineteen days following service of the disciplinary report. The applicable department regulations require that hearings occur within a reasonable time, but not less than twenty-four hours after service of that report and notice of the time of the hearing. See 103 Code Mass. Regs. § 430.11(2) (1993). The hearing originally was scheduled for December 15, a date that the plaintiff does not claim was impermissible. The hearing officer, however, was sick on that day, and the hearing was rescheduled for the next

---

[6]The motion judge, quoting *Bray* v. *Alexandria Women's Health Clinic*, 506 U.S. 263, 268-269 (1993), also found no indication from the record of "racial, or perhaps otherwise class-based, invidiously discriminatory animus" by the defendants toward the plaintiff that could support a claim under 42 U.S.C. § 1985 (2006). There is no error in this conclusion (although we can find no § 1985, race-based claim within the complaint). The same conclusion applies to any suggestion of an equal protection violation. The record does not support a claim (and in any event we can find none articulated in the complaint) that the plaintiff received disparate treatment from that afforded other similarly situated prisoners.

day, December 16. The plaintiff, though, had a court appearance that latter date. The complaint asserts that the hearing officer was then out for a week's training session, after which he had three days off for Christmas, December 24-26. In the absence of any suggestion in the complaint that the officer's absence for these two periods (or his absence due to illness on December 15) was pretextual, and given the defendant's attempt initially to schedule the hearing for December 15, we cannot conclude in this circumstance that the hearing here was not held within a reasonable time.

As to the witness and evidence requests, the hearing officer had discretion to deny such requests for reasons that included lack of relevance, institutional security concerns, or cumulativeness. See 103 Code Mass. Regs. § 430.14(4) (1993). The four requested witnesses either were not mentioned in the disciplinary report or the plaintiff failed to show how their anticipated testimony would be relevant. The hearing officer could properly deny as cumulative, unnecessary, or irrelevant the plaintiff's requests for physical evidence, which included requests for surveillance tapes from areas beyond the plaintiff's cell where the offenses occurred.[7]

The plaintiff does not dispute that in requiring him to provide his own recording equipment for the hearing the defendants were following 103 Code Mass. Regs. § 430.12(3) (1993), which requires that of nonindigent inmates. He alleges that this regulation violates the State and Federal Constitutions. The plaintiff speculates that department officials would not permit him to have the tape recorder he would need to undertake the recording because it would be deemed contraband.

If the department required nonindigent prisoners to obtain their own recording equipment in order to record disciplinary proceedings, while at the same time denying them the means to use such equipment, it might well raise serious due process concerns. The plaintiff, however, has not alleged that the department does not provide a procedure by which an inmate can have

---

[7]Similarly unavailing is the plaintiff's claim of error that the contraband items, which made an appearance at his disciplinary hearing, did not appear before the Superior Court judge for physical examination. The judge saw the list of items and from that could properly assess the plaintiff's claims. Error, if any, was not substantial and does not affect the plaintiff's material rights.

his or her own recording equipment utilized to record disciplinary proceedings, nor is there any evidence tending to show that.

We see no deficiency in the hearing officer's report. On the findings of the hearing officer, the designation of the infraction as "major" was well within the hearing officer's discretion. Finally, the claim of bias on the part of the hearing officer was not raised during the administrative proceedings and, hence, is waived on appeal. See *Stokes* v. *Commissioner of Correction*, 26 Mass. App. Ct. 585, 590 (1988).

*Judgment affirmed.*