Lu, John T., J.
The Plaintiffs, John and Suzanne Krol (the Krols), move for judgment on the pleadings in this action in the nature of certiorari pursuant to G.L.c. 249, §4.
A defendant, Diane Mercadante (Ms. Mercadante), filed a Notice of Intent (Notice) with the Leicester Conservation Commission (Commission) proposing an addition to her home. The Commission approved Ms. Mercadante’s Notice and issued an Order of Conditions (Order) under the Leicester Wetlands Protection Bylaw. The addition was to be constructed within the one hundred foot buffer zone adjacent to a Wetlands Resource Area, Cedar Meadows Lake (Lake), designated as such pursuant to Massachusetts Wetlands Protection Act, G.L.c. 131,§40and310C.M.R. 10. The Krols are direct abutters to Mercadante, and challenge the Order. The Krols contend that the Commission exceeded its authority by failing to require an accurate delineation of the boundary of the Lake as required under 310 C.M.R. 10.02(2)(b), and by failing to require a properly filed Notice.
Certiorari review is limited to correcting substantial errors of law that affect material rights apparent on *495 the record. Northboro Inn, LLC v. Treatment Plant Bd. of Westborough, 58 Mass.App.Ct. 670, 673 (2003). The power of the reviewing court does not extend to remedies for mere technical errors that failed to result in manifest injustice. Cumberland Farms, Inc. v. Planning Bd. of Bourne, 56 Mass.App.Ct. 605, 607 (2002).
The Krols argue that the Order of Conditions issued to Ms. Mercadante was improper because Ms. Mercadante’s site plan “warranted further investigation to verify the accuracy of the resource area boundary depicted” to comply with 310 C.M.R. 10.02(2)(b). This amounts to a disagreement with the administrative agency’s weighing of the evidence. The Krols fail to demonstrate that the Commission’s action constitutes an error of law sufficient to justify correction in this court. Sheriff of Plymouth County v. Plymouth County Personnel Bd., 440 Mass. 708, 710 (2004) (personnel board’s failure to provide written reasoning for its determination did not constitute a reviewable error of law). Both the Commission and the Department of Environmental Protection’s Office of Appeals and Dispute Resolution held hearings to review the proposed addition and approved its construction. Cer-tiorari review in Massachusetts is not de novo, and the reviewing court is limited to whether the decision was legally tenable and supported by substantial evidence. Anderson v. Chamberlain, 134 F.Sup.2d 156, 158 (D. Mass. 2001). The approval in both hearings did not require a more precise delineation of the natural boundary of the Lake since it is uncontested that the addition would be within the buffer zone.
The Krols argue, in the alternative, that Ms. Mercadante’s Notice was missing pages two through eight and thus the Commission improperly granted the Order. The Notice was the primary document discussed during the initial public hearing on this matter before the Commission on April 14, 2009 and noted in the minutes of the meeting. The Krols’ attorney was present and participated at this meeting. Glenn Kravosky, Ms. Mercadante’s Environmental Consultant, who specializes in this regulation, attested that he helped prepare the Notice, that he hand-delivered it to the Commission, and that he presented the proposed project to the Commission. It is likely that the reason that the Krols’ only now discover the missing pages is that the Notice was complete during most of this legal process, including during the administrative proceedings. The Order was validly granted based on the Ms. Mercadante’s complete Notice.
Finally, Ms. Mercadante has not demonstrated any abuse of discretion in the failure to order the removal of fill.
ORDER:
The Plaintiffs John and Suzanne Krol’s motion for judgment on the pleadings (paper #9) is DENIED. Taking the defendant, Diane Mercandante’s, motion for summary judgment (paper #7) as a motion for judgment on the pleadings, it is ALLOWED.